No. 41,171

LOUIS JAMES KELLY, *Appellant,* v. CASIMIR C. KURTZ, Sheriff of Atchison County, Kansas, *Appellee.*

(331 P. 2d 327)

·Opinion filed November 8, 1958.

*Elisha Scott, John J. Scott, Charles S. Scott,* and *Samuel C. Jackson,* all of Topeka, were on the brief for the appellant.

*Robert F. Duncan,* County Attorney, and *John Anderson, Jr.,* Attorney General, were on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order of the district court of Atchison County denying petitioner a writ of habeas corpus. The facts required to insure a proper understanding of the appellate issues presented will be stated briefly.

Louis James Kelly was charged by formal complaint with the offense of burglary in the second degree and a warrant was issued for his arrest. After his apprehension, and on September 15, 1957,

he was brought before the judge of the city court of Atchison. Upon his failure to give appearance bond that magistrate committed Kelly to jail under a written order, directed to the marshal of his court and to the respondent, the pertinent portions of which read:

"You Are Therefore Commanded to take and commit said defendant, Louis James Kelly to the county jail of Atchison County, Kansas; there to remain until ————— the date of his preliminary Hearing *and until such other and further time as said Court shall direct;* and to deliver a duplicate original of this Order of Commitment to the jailer of said jail." (Emphasis supplied.)

From this point on the record presents a confusing, as well as a conflicting, factual picture. For that reason, omitting many matters which we regard as immaterial to the issues, subsequent reference to the facts will be based on our version of their import.

November 8, 1957, petitioner, who was represented by counsel, was brought into court for a preliminary examination. Thereafter the state produced witnesses who were examined on oath in his presence. After introduction of this evidence petitioner was given an opportunity to offer evidence but his counsel declined to do so. Thereupon the examining magistrate stated that he was taking the case under advisement, desired briefs on the part of the respective parties, and fixed November 12, 1957, as the probable date on which he would announce his decision. For some reason, probably due to the request of the state, the date for this pronouncement was extended to November 15, 1957, counsel for the respective parties being advised to that effect.

On the date last above mentioned the petitioner, his counsel and the county attorney of Atchison County appeared in the city court. Thereupon the examining magistrate announced that he found from the evidence adduced that the crime charged in the complaint had been committed and there was probable cause for charging petitioner with the commission of such offense. Following this action such magistrate bound him over for trial in the January term of the district court of Atchison County, fixing his bond at $1,000. On the same date, having failed to give the required bond, such magistrate ordered that the petitioner be committed to the county jail of Atchison County to await trial.

January 11, 1958, papers having to do with the preliminary examination, including a transcript of the proceedings, were transmitted to the clerk of the Atchison District Court. On the same day an information was filed in such court charging petitioner with

the crime for which the city magistrate had ordered his commitment. Three days later, on January 14, one of the petitioner's counsel observed no written commitment was in the files. Counsel then proceeded to the office of the clerk of the city court and inquired regarding it. She replied it was with the transmitted papers but after being advised to the contrary made a search of her office where she found two printed commitment papers, which had been signed but not completed by the judge of the city court, endorsed on which was a return by the city court marshal. Thereupon she filled out uncompleted blank spaces on such papers with what she deemed were proper recitals and then transmitted one copy thereof to the office of the clerk of the district court.

Subsequently, and on January 16, the petitioner commenced the instant proceeding by filing a petition in the district court of Atchison County for a writ of habeas corpus. Later the district court ordered that a writ issue commanding respondent to have petitioner before the court on January 17. On application of petitioner's counsel the cause was continued until January 24, when it was heard on the testimony of witnesses, stipulation and documents. At the close of this hearing the court took the case under advisement. Thereafter, and on March 6, it rendered judgment holding that the writ theretofore issued should be discharged; that the respondent should be relieved from further obligations under such writ; and that petitioner should be remanded to the custody of the respondent. This appeal followed.

We shall quote and dispose of questions raised by appellant in the order in which they are presented.

"1. Should the Petitioner Be Discharged Because of Failure of the State to Bring Him to Trial Within Two Terms of Court after Complaint Filed and Warrant Issued?"

In support of his position on this point appellant relies on G. S. 1949, 62-1431 providing that if any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense for which he was committed, unless the delay is caused under certain circumstances not here involved. Heretofore we have pointed out the information was filed on January 11, 1958, and that this action was filed five days later on January 16. The statute on which appellant relies relates to delays occurring in district court after the filing of an information and

has no application to periods of time involved prior to the date a criminal action is filed in that court. If, as appellant suggests, he was not brought to trial before the end of the second term of the district court, after the information was filed against him, questions relating to that situation are not here involved. In habeas corpus proceedings the right of a petitioner to be released from custody depends entirely upon the validity of his restraint on the date of the filing of his petition. (*Whalen v. Cristell*, 161 Kan. 747, 173 P. 2d 252.)

Questions 2 and 3 can be considered together.

"2. Was It Error for the City Court of Atchison to Fail to Commit the Petitioner to Jail on 8 November, 1957?

"3. Was It Error for the City Court of Atchison to Fail to Commit the Petitioner to Jail on 12 November, 1957?"

On appeal from the judgment of a district court in a habeas corpus proceeding it is not the province of this court to review errors claimed, by one of the parties, to have been committed by a magistrate in the course of a preliminary examination. It follows the foregoing questions, as posed by appellant, are not here subject to appellate review.

"4. Order of Commitment Issued 14 January, 1958, Is Void and of No Effect."

Appellant's position on the question last above quoted is founded on G. S. 1949, 62-622, providing that if a defendant is committed to jail the magistrate shall make a written order of commitment, signed by him, which shall be delivered to the jailer by the officer who executes the order of commitment. Based on this statute he argues that the commitment, which was completed by the clerk of the city court on January 14, was so defective that it must be considered as void and of no effect. We turn to the record. It discloses that at the close of a preliminary examination the judge of the city court made an order commiting the appellant to the jail of Atchison County, there to await trial at the January, 1958 term of the District Court; that after doing so that magistrate signed two printed commitment forms, but failed to fill in blank spaces on those instruments with the informative data necessary to fully complete them. From the same source we learn that such instruments were delivered to the marshal of the city court who endorsed his return thereon, thus evidencing his execution of the order of commitment in the form mentioned. In that situation,

although it must be conceded the order of commitment was defective, it had nevertheless been issued and we do not believe it can be said that it was so defective that it could not be amended on proper application, hence we are constrained to hold it was neither void nor of no force and effect. Moreover we do not understand that in this jurisdiction, standing alone, failure on the part of a magistrate to perform the ministerial obligation of making out a full and complete commitment order at the close of a preliminary hearing, after he has already ordered that the defendant be bound over to the district court for trial and directed that he be committed to jail to await trial, entitles such defendant to be released on a writ of habeas corpus. For one of our decisions supporting this conclusion see *In re Christensen*, 166 Kan. 671, 674, 203 P. 2d 258. See, also, *In re Schurman, Petitioner*, 40 Kan. 533, 20 Pac. 277; *In re Chapman, Petitioner*, 4 Kan. App. 49, 56, 46 Pac. 1014.

Another sound reason for upholding the trial court's judgment and denying the writ appears in the record. At the time he commenced his habeas corpus action appellant was confined in the county jail of Atchison County under an earlier commitment issued by the same magistrate directing that he be held in that bastille until such other and further time as that magistrate should direct. In the face of the record presented such commitment, even though the commitment of January 14 had been of no force and effect, was sufficient to warrant the trial court's conclusion that appellant was not being illegally restrained of his liberty on the date of the filing of his petition. There is sound authority for the rule that a person incarcerated under two commitments for the same offense, one of which commitments is valid, is not entitled to his release on habeas corpus. (24 C. J. S., Criminal Law, p. 163 § 1608.)

In conclusion it should be stated that, contrary to appellant's contentions, *Whalen v. Cristell*, supra, is not to be considered as a controlling precedent under the existing facts and circumstances. Resort to the opinion in that case will disclose that it is clearly distinguishable, in that the writ there granted was based on the premise the petitioner was deprived of his liberty under a commitment, which showed on its face the period of time fixed for the petitioner's incarceration had expired.

The judgment is affirmed.