## COLBURN *v.* STATE.

(Division B.    April 6, 1936.)

[166 So. 920.    No. 32096.]

M. C. Young, of Aberdeen, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **M. C. Young**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted, tried, and convicted in the circuit court of Monroe county of the crime of burglary and sentenced to the penitentiary for a term of six years, from which he prosecutes this appeal.

Appellant contends that the indictment was insufficient. His demurrer thereto was overruled. The charging part of the indictment is in this language: "With force and arms in the county aforesaid and within the jurisdiction of this court the store house of T. B. Camp, then and there situated, feloniously and burglariously did break and enter, with intent the goods, chattels, and personal property of the said T. B. Camp, in said store house kept for use and sale, then and there feloniously and burglariously to take, steal and carry away; and one one hundred-pound sack of sugar of the value of five dollars and twenty-five cents in good and lawful money of the United States, the property of the said T. B. Camp, in said store house kept for use and sale, then and there willfully and feloniously did take steal and carry away."

The indictment was drawn under section 817, Code of 1930, which is in this language:

"Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building, ship, steamboat, flatboat, or railroad car in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering, in the day or nighttime, any building within the curtilage of a dwelling house, not joined to, immediately connected with, or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven years."

It is argued that the indictment should have charged whether the crime was committed in the day or night-time. There is no merit in this contention. The statute does not make any difference in the grade of a night-time burglary and a daytime burglary, the punishment is the same. Appellant contends further that the indictment is defective in that it failed to charge felonious intent in the commission of the larceny. We think a complete answer to that contention is that the indictment itself plainly charges a felonious intent not only in the breaking and entering but also in the larceny.

The state's case was this, and it was ample to sustain the conviction: T. B. Camp was a country merchant in Monroe county; his storehouse was about one hundred twenty yards from his residence. On the night of March 15, 1934, about nine o'clock he heard a car drive up near the store; it made a noise like a T-model Ford. He looked out, saw a light in the store, and shot at it twice. In two or three minutes he heard the car move away, then he went to the store and found the door broken open and a hundred-pound sack of sugar, a lot of handkerchiefs, pins, needles, tire patching, spoons, coffee, canned goods, and crackers missing. (The indictment charged the appellant with the larceny of a hundred-pound sack of sugar.) Camp, his son, and his neighbors, Blaylock and Ray, followed the tracks of the car. The tracks were unusual in that one of them had a narrow bar across the casing which left a distinguishing mark. About two hundred yards from the store they found a sack of sugar; they also found along the way some canned goods, crackers, and coffee, all of which were identified as having come out of Camp's store. They followed the tracks something like five miles when the car was overtaken; it was a T-model Ford car with a bar across the casing of one of the tires. Appellant was in this car. The car had no license tag, and they arrested him upon that ground, and found in the car two spoons which Camp

identified as having come from his store. Appellant at first refused to give his name.

Appellant testified in his own behalf denying his guilt. He objected to the evidence of other stolen goods than the hundred-pound sack of sugar, this objection was overruled, and appellant assigns and argues that action of the court as error. From all the facts and circumstances, it is manifest that the person who stole the spoons and other missing things also stole the sack of sugar. There is no reasonable escape from that conclusion. It is difficult to conceive of circumstantial evidence of stronger probative value. It was competent. Wood v. State, 155 Miss. 298, 124 So. 353.

The court overruled appellant's objection to the evidence of the finding of the spoons in the car. The ground of the objection was that the evidence was obtained by a search without a search warrant. This contention is without merit. The search and seizure provision of the Constitution (section 23) has no application to searches and seizures by private individuals, it applies alone to governmental agencies. It was not shown that any of the persons making the arrest was an officer authorized to make arrests. Hampton v. State, 132 Miss. 154, 96 So. 165, 166.

The district attorney in his argument to the jury used this language, referring to appellant: "He has hauled stuff off before." On appellant's objection the court cautioned the jury not to consider the statement. In the first place it is not manifest that the statement was an unreasonable deduction from all the evidence in the case. In the next place, if it was, it cannot be said with confidence that the jury did not disregard it as they were instructed to do by the court.

Affirmed.