### STATE v. CARL FOGG

*Stephen M. Wheeler*, Acting Attorney-General and *Ernest R. D'Amours*, Assistant Attorney-General, by brief, for the State.

*Harold M. Smith* and *Charles J. Griffin*, by brief, for the defendant.

BURQUE, J.  1. Before trial defendant filed a motion to quash the indictment, alleging several grounds.  The motion was denied and defendant excepted.  The only ground relied upon now and presented in defendant's brief is that "the said indictment does not fully, plainly, substantially, and formally, describe the offense alleged or set forth therein," as required by *art*. 15, Bill of Rights of our State Constitution, the specific complaint being that "the indictment fails to state the value of each of the articles alleged to have been the subject matter of the larceny."

The indictment is for breaking, entering and larceny.  It enumerates certain articles of personal property claimed to have been the subject-matter of the larceny, without stating the value of each article, but all of the value of $100.

The value of each article is immaterial, and need not be stated. 9 Am. Jur., *p*. 266, *s*. 51; Anno. 34 L. R. A. (N. S.), *pp*. 246–247; 12 C. J. S., *p*. 706, *s*. 39.  Gross value is sufficient; *State* v. *Hood*, 51 Maine 363.  All the State is required to do is to describe the offense fairly and fully and to inform the defendant with sufficient definiteness of the nature and cause of the accusation.  *State* v. *Liptzer*, 90 N. H. 395; *State* v. *Gilbert*, 89 N. H. 134.  The requirement has been met when the property is described with such particularity as to enable the court, the defendant and the jury to determine what property is meant and to identify the same.  (27 Am. Jur., *p*. 664, *s*. 83.)  This is the case here.

So far as *State* v. *Silverman*, 76 N. H. 309, holds that in an indictment for embezzlement the value of each article embezzled should be stated, and is thus in conflict with the views herein taken, it is not followed.

It is to be noted that in the statute making breaking and entering with intent to commit certain crimes, a felony, we find the following: "or to commit any larceny," Rev. Laws, *c*. 453, *ss*. 2–4.  Though *s*. 3 says, "If any person shall, . . . break and enter . . . and . . . commit larceny," thus omitting the word "any," it is fair to construe the latter also to mean any larceny, since the commission of the offense implies and includes intent to commit same.  It would be an anomaly to say that if one is subjected to the same penalty for an intent to commit any larceny (which may consist of petit larceny only), as when he actually commits the act, yet in the latter instance the larceny must be described in such a way as to indicate what grade of larceny is charged.

True it is that under an indictment for breaking, entering and

larceny the offense of larceny without the breaking and entering may be the only one proved and that in such an instance, if the value of the enumerated goods is not given separately, the conviction may result in one of petit larceny only. Be that as it may (a point which need not be decided here in view of the ground upon which the motion to quash rests), this would affect the sentence only, but would not render the indictment defective. The State may take the position that the indictment is entire and is for breaking, entering and larceny, and not for larceny alone, and that the State will demand a conviction for all or nothing, which, as far as the record before us goes, is apparently the case here. In such an event the indictment cannot be defective.

It may be said in passing that if to avoid the result above referred to the better practice would be to state the value of each article separately, it is no concern of the courts if the State's attorneys do not see fit to resort to it. The motion to quash was properly denied.

Other cases cited by the defendant in support of his position are all larceny cases and are not in point.

2. Defendant moved to be tried separately. This motion was also denied and defendant excepted. Defendant offered no evidence in support of his motion, claiming, for instance, that he could not have a fair trial if tried jointly with the other defendant. He relied entirely on the fact that one defendant having been tried separately, and there being separate indictments, he had a right to a separate trial. The exception has no merit. *State* v. *Demos*, 81 N. H. 318.

3. Defendant objected and excepted to the introduction as an exhibit of a list of articles stolen, prepared by the owner of the premises, which included in addition to those specified in the indictment, articles not mentioned therein. There was no error in this. The evidence served the purpose of identifying the defendant as the thief of the articles enumerated in the indictment and also of other articles found in his possession; on that ground it was admissible. 12 C. J. S., *p.* 724, *s.* 50 (*c*), and note 10; *Colburn* v. *State*, 175 Miss. 704, 710. It was also admissible as a circumstance tending to connect the defendant with the commission of the offense. 12 C. J. S. 724, note 9; *Commonwealth* v. *Coyne*, 228 Mass. 269; 3 A. L. R. 1209 and annotations. In this list seven toy automobiles were included. The State offered for identification a toy similar to one of those stolen, not claimed to be the one stolen, but simply as a replica of a similar one found in defendant's possession after the

break, and it was so marked. Later when the State offered it as an exhibit, the court denied the offer.

4. When the solicitor argued the case, he referred to the number of stolen toys, and those found in defendant's home after the break, as being similar and corresponding in number. The reference to the one marked for identification is found in the following portion of the argument: "The goods are gone, Mr. Foreman and gentlemen, as we argue, they have disappeared, as we believe by one of the parties, Mr. Carl Fogg. What did they find? Well up in the little boy's room they discovered seven toys. I'm not claiming that those were Mr. Whittemore's. Mr. Whittemore's child had seven tootsie toys. Seven tootsie toys were found in Carl Fogg's house similar, one on [sic] which was similar said Mr. and Mrs. Whittemore to the one in my house. I argue that you can either reject that as not the toy, you can consider it, gentlemen, as being one angle. I say it might have been. It's strong probability, we argue. Think of that. Seven toys in Mr. Whittemore's house were stolen. Seven toys were found in a closet, similar toys were found in a closet in the Fogg house."

The only possible reference that can be found to the toy offered as an exhibit but excluded as such would be: "seven tootsie toys were found in Carl Fogg's house similar, one on [sic] which was similar said Mr. and Mrs. Whittemore to the one in my house. I argue that you can either reject that as not the toy, you can consider it, gentlemen, as being one angle. I say it might have been. It's strong probability, we argue." Upon objection made by the defendant, which appears to indicate the argument was claimed to have reference to the toy in question, the court said: "This toy there has not been admitted as an exhibit, but an argument is always proper," whereupon defendant requested and received an exception. The defendant in his bill of exceptions includes all of the above argument, and also his ground for objecting to it, concluding as follows: "because there has been nothing to show that that specific toy or those specific toys were the property at any time of the Whittemores." The exception based on the latter ground avails the defendant nothing. As we have seen evidence of goods found in defendant's possession, other than those enumerated in the indictment, was properly admitted. There was evidence that the seven toys found in the defendant's possession were the property of Mr. Whittemore's son, and the statement of the county solicitor that, "I am not claiming that those were Mr. Whittemore's," must have reference

to this fact. It was for the jury to say whether they were sufficiently identified to find they were part of the property stolen.

This reference to the toy which had been shown to the jury, without exception, was not improper.

*Exceptions overruled.*

All concurred.