Hillsborough, } No. 3570.
Mar. 5, 1946. }

STATE *v.* FRANK DWIGHT CLAPP.

*J. Vincent Broderick,* County Solicitor and *Frank R. Kenison,* Attorney-General (by brief), for the State.

*Thomas J. Leonard* (by brief and orally), for the respondent.

BURQUE, J. The motion to quash the indictment was properly denied. "All the State is required to do is to describe the offense

fairly and fully and to inform the defendant with sufficient definiteness of the nature and cause of the accusation." *State* v. *Fogg*, 92 N. H. 308, 309, and cases cited. The indictment in the present case meets the requirements when it charges the defendants with the theft of 20,000 board feet of lumber of the value of $33.50 per thousand feet. "Board feet of lumber" is sufficiently definite; it cannot mean trees, logs, etc., suitable to saw and the products into which they are sawed, as contended by the defendant.

Lumber is defined as "timber sawed into merchantable form, especially boards." Funk & Wagnalls New Standard Dictionary. "Timber, esp. that sawed or split into boards, planks, staves, etc., . . . . " Webster's New International Dictionary (2d *ed.*). Moreover, Clapp had been employed by the company from which the lumber was alleged to have been stolen and knew the kind of boards which that company was sawing.

A state witness, an investigating officer, was allowed to testify that Parmenter, Clapp's accomplice, stated to this officer that he (Parmenter) was with Clapp when the lumber was taken, that the lumber was delivered by them to Concord, Massachusetts, and that he (Parmenter) was paid $6.00 a load by Clapp. Immediately after this testimony defendant Clapp's counsel moved "that the Court instruct the jury that any statement made by Parmenter is no evidence against Clapp, and that the Court instruct the jury to have the jury disregard the confession made by Parmenter as no evidence whatever against Clapp. *The Court:* The only evidence is that he was with Clapp. They can consider that in connection with other evidence against Clapp, so I will not so instruct them. Your exception is noted." Admission of the statement made by Parmenter, though proper in his case, could not be admitted in Clapp's case, to implicate him. To do so was error. It was a violation of Article 15 of the Bill of Rights which provides that a defendant has a right "to meet the witnesses against him face to face." Parmenter did not testify, so Clapp was deprived of his right to meet him face to face, to cross-examine him and so "to be fully heard in his defense."

Confessions or declarations of a joint co-defendant cannot be used to incriminate another joint co-defendant, and if admitted, because competent as against the declarer, the jury should be instructed that it cannot be used against the accomplice. 16 C. J. 852, *s.* 2154. See *Burnham* v. *Sweatt*, 16 N. H. 418, 420.

To be admissible against a co-defendant the acts and declarations must "be those, only, which were made and done during the pendency

of the criminal enterprise and in furtherance of the criminal object.

"If the acts and declarations took place at a subsequent period, and are, therefore, merely narrative of past occurrences, they must be rejected. To be admissible, they must have been concomitant with the principal act, and so connected with it as to constitute a part of the res gestae." State v. Larkin, 49 N. H. 39, 44.

In the instant case the confession or declaration was made months after the offense was committed, after arrest, and not in the presence of the other defendant. It may be that in the latter event they may, under certain conditions, become admissible. We do not have to decide this here. The Court should have instructed the jury on the limited effect of the confession, and its proper application, even though no further written request was made before arguments. The matter was sufficiently called to the Court's attention (1) immediately after the introduction of the testimony, and (2) immediately after the charge, to require proper instructions. Burke v. Railroad, 82 N. H. 350, 361, and cases cited. Failure to have granted the requests is reversible error.

The other exceptions need not be considered at this time as they may not recur in another trial.

*New trial.*

All concurred.