JAMES ALEXANDER ESTES V. STATE

No. 27,703. October 19, 1955

*Scarborough, Yates, Scarborough & Black,* by *Max Chenoweth,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

One bill of exception presents the sole question on this appeal. It concerns the admission of a letter written upon the stationery of the Texas Department of Public Safety and reading as follows:

"SUBJECT: L-42973/0-39-F. Examination of blood specimen taken from James Alexander Estes, to determine alcohol content, in connection with alleged driving while intoxicated in Abilene, Texas, November 13, 1954.

"Identification Bureau

"Abilene Police Department

"Abilene, Texas

"Dear Sir:

"We have completed the examination requested in connection with the above captioned subject and wish to report that the specimen contained 0.30 per cent alcohol by weight.

"It is our opinion that the individual was intoxicated at the time the specimen was taken.

"In the event testimony regarding the examination of the specimen is needed when this case comes to trial, please notify us in sufficient time to arrange for the chemist making the examination to be present in your court.

"Should this case be disposed of without our appearance, please advise the disposition in order that our files may be complete.

"We will retain this evidence in our files until advised by you of the disposition.

"Yours truly,

"Homer Garrison, Jr., Director
Department of Public Safety

"By: Glen H. McLaughlin, Chief
Bureau of Identification & Records."

The letter was accompanied by the following certificate, also admitted in evidence.

"CERTIFICATION OF REPORT

"State OF TEXAS

"COUNTY OF TRAVIS

"I, the undersigned, C. H. Key, Assistant Chief, Bureau of Identification and Records, Department of Public Safety, Austin, Texas, hereby certify that the attached is a true and correct copy of the laboratory report covering examination of:

"Blood specimen taken from James Alexander Estes as the same appears in my office in Austin, Travis County, Texas, and that I am the lawful custodian and possessor of said report.

"Signed by me at my office in Austin, Travis County, Texas, this the 16th day of May, A.D. 1955.

"C. H. Key
"Assistant Chief

"Bureau of Identification and Records
Department of Public Safety

"Subscribed and sworn to before me by the said C. H. Key this the 16th day of May, A.D. 1955.

"Martha Chudej

"Travis County, Austin, Texas

"Martha Chudej, Notary Public
Travis County, Texas"

Ref. Art. 3731a and 3737e.

None of the parties whose names were signed to these instruments appeared as witnesses.

The exhibits were admitted over the objection that same were hearsay and self serving, denied appellant's constitutional right of being confronted with the witnesses who were going to testify against him and deprived him of the opportunity to cross-examine the witnesses who signed the instruments.

The objection was well taken and should have been sustained, and the admission of the exhibits requires that the conviction be set aside.

The judgment is reversed and the cause is remanded.