STATE *v.* JON G. REENSTIERNA.

Submitted April 1, 1958.
Decided April 24, 1958.

The State furnished no brief.

*William D. Tribble* for the defendant.

Kenison, C. J. The utilization of probative methods developed by modern medicine and science as an aid for a judge or jury to determine disputed questions of fact has received hospitable recognition in this state by both judicial decision and statute. *State* v. *Thorp,* 86 N. H. 501; *State* v. *Mihoy,* 98 N. H. 38; *Groulx* v. *Groulx,* 98 N. H. 481; *State* v. *Sargent,* 100 N. H. 29; RSA ch. 522; RSA 262:20. In motor vehicle offenses a chemical test to determine intoxication is considered one example of a reliable scientific method, the validity of which is not open to serious objection here or elsewhere. RSA 262:20; *State* v. *Sturtevant,* 96 N. H. 99; *State* v. *Baron,* 98 N. H. 298; *Breithaupt* v. *Abram,* 352 U. S. 432. In the present case the defendant does not contest the validity of the statute but contends that the result of the chemical test was erroneously admitted in evidence because of the manner in which it was produced in court. See VII Wig. Ev. (3rd *ed.*) *s.* 2129 (supp.).

The State has the burden of proving that the chemical test for intoxication was correctly administered in the particular case. McCormick, Evidence, *s.* 176, *p.* 377 (1954); Ladd and Gibson, Legal-Medical Aspects of Blood Tests, 29 Va. L. Rev. 749, 755-758. One of the most important prerequisites for the admission of the results of chemical tests for intoxication is that the specimen analyzed shall be traced to the accused. Note, 51 Mich. L. Rev.

72, 79 (1952); anno. 21 A. L. R. (2d) 1216. The State is required to establish the essential links in the chain of evidence relied on to identify the blood analyzed as being the blood taken from the accused. *Rodgers* v. *Commonwealth*, 197 Va. 527; *Estes* v. *State*, 162 Tex. Cr. R. 122; *Utah Farm Bureau Ins. Co.* v. *Chugg*, 6 Utah (2d) 399. A recent comprehensive study of the decisions relating to the proper presentation of chemical tests for intoxication including practical suggestions is found in Donigan, Chemical Tests and The Law (The Traffic Institute — Northwestern University 1957) *cc.* VI and VII.

In this case the blood sample taken from the defendant has not been identified with and traced to the analysis made by the State Department of Health. However likely it may be that they are one and the same, the State has failed to prove it. The letter received by the chief of police was not a record of his office which is admissible under the Uniform Business Records as Evidence Act. RSA ch. 521. *McGowan* v. *Los Angeles*, 100 Cal. App. (2d) 386. Since the letter introduced in evidence by the chief of police was hearsay and incompetent, and there was no other evidence to connect the blood sample taken from the defendant with the sample analyzed, the order must be

*Defendant's exception sustained.*

DUNCAN, J., dissented; the others concurred.

DUNCAN, J., *dissenting:* My differences with the majority of the court revolve about the question of whether an opinion upon the merits may properly be expressed. The respondent's appeal to the Superior Court vacated the judgment of the municipal court (*State* v. *Cook*, 96 N. H. 212), at least until the respondent should fail to prosecute his appeal, which is not shown to be this case. RSA 599:3, 4. The appeal vested jurisdiction in the Superior Court. Upon trial of the appeal, the question now presented may never arise. If it does, the Superior Court has authority to transfer it to this court. RSA 490:9; 491:17. See *State* v. *Cote*, 95 N. H. 248, 252. In my opinion the circumstances of the pending transfer cast a duty upon this court to express no opinion on the question presented. *Petition of Turner*, 97 N. H. 449. See *State* v. *Deane*, 101 N. H. 127, 131.