No. 41,268

The City of Wichita, *Appellee*, v. William E. Showalter, *Appellant*.

(341 P. 2d 1001)

Opinion filed July 10, 1959.

*Russell Shultz*, of Wichita, argued the cause, and was on the briefs for the appellant.

*Robert C. Helsel*, of Wichita, argued the cause, and *Fred W. Aley*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: The appellant in this appeal was convicted of driving while intoxicated, both in the police court of the city of Wichita and on appeal to the district court. He now appeals his conviction to this court.

In this appeal, the appellant's first contention is that the trial court erred in overruling his motion for a new trial for the reason that the evidence as to an alcometer test should have been excluded because the prosecution failed to show that the operator of the machine fully understood all of the workings thereof and did not know whether the machine was in proper condition to be used in making the test.

The prosecution introduced the testimony of James Maloney, a laboratory technician with the sheriff's office of Sedgwick County. Mr. Maloney testified in general as to the workings of the alcometer, and that testimony need not be set out here. He also testified that the actual operation of such a machine was extremely simple; that if it were not operated correctly, it would not operate at all; that a period of fifteen minutes was sufficient in which to train a person to competently operate the machine since all that was necessary was to instruct him in the order of pushing certain buttons.

A member of the Wichita Police Department, George F. Blurton, testified as to the arrest of the defendant and as to administering the test to him on the alcometer, and that defendant acquiesced in taking the test. Blurton testified that he had been instructed in the art of operating the machine by Lieutenant Clyde Bevis, a graduate chemist and laboratory technician. There was also testimony that Lieutenant Bevis prepared the vials to be used on the machine. Counsel for the defendant in cross-examining Blurton asked several questions as to the chemical analysis of the liquid in the vial in the machine, as to when the machine had been last examined, and as to other intricacies of the machine. The witness quite frankly admitted that he could not answer these questions.

The defendant then moved to strike out the evidence in regard to the test made upon the alcometer which motion was overruled by the court. We believe that under all the circumstances the court did not err. ( *City of Seattle v. Bryan* [Wash. 1958], 333 P. 2d 680; *Toms v. State*, 95 Okla. Cr. 60, 239 P. 2d 812.)

The defendant cites *State v. Lowry*, 163 Kan. 622, 185 P. 2d 147, and argues that the test made upon the alcometer is similar to a lie detector test. We cannot agree. The test of the per cent of alcohol in the blood of an individual as showing the degree of intoxication has been recognized by statute in this state and in many, if not most, other jurisdictions (G. S. 1957 Supp. 8-1001 *et seq.*).

It may be assumed that the defendant argued the above matters as to the credibility of the test to the jury.

The test made on the defendant showed a reading of 0.21. Under the provisions of G. S. 1957 Supp. 8-1005, a reading of 0.15 is made to create a presumption that the defendant was under the influence of intoxicating liquor and the court so instructed the jury. The defendant did not object to the instruction.

It may be noted that there was other evidence from Blurton and another officer as to the fact that the smell of alcohol could be detected on the defendant's breath; that he was somewhat slow in his speech and failed to complete his sentences; that he went to sleep on the way to the station in the police car; that he was not steady in his walk, and in other particulars indicated that he was intoxicated. It is true that these witnesses were not asked to state their opinion as to whether defendant was intoxicated, but they were interrogated as to the facts and actions of the defendant, leaving to the jury the right to form its own opinion as to whether or not defendant was intoxicated.

The only other assignment of error is that the trial court erred in overruling the defendant's demurrer to the evidence of the prosecution. The defendant did not introduce any evidence on his own behalf, but rested on his demurrer. As shown above, there was ample evidence of intoxication. The only question might be whether it was definitely shown that the defendant had been driving after he became intoxicated.

Officer Blurton testified as to discovering defendant's car standing near the intersection of Mount Vernon and Broadway Streets in the city of Wichita a few minutes after 6:00 a. m.; that the car had been rather severely damaged on the front right side; that there was a trail of water and oil leading from the car back to a utility pole some two hundred feet north of the car. It was evident that the car had collided with the utility pole. He met the defendant after he had returned from looking at the pole. The officer asked defendant if he owned the Plymouth car and if he had been driving the car and he stated that he had. Under the above evidence, it would appear that the court did not err in submitting the case to the jury.

The judgment of the district court should be and it is hereby affirmed.