No. 44,019

Olive M. Yankoviz McGrath, v. Joseph Charles Mance, *Appellee.*

(400 P. 2d 1013)

Opinion filed April 10, 1965.

*Buford L. Shankel,* of Overland Park, argued the cause, and *Buford E. Braly,* of Kansas City, Kansas, was with him on the briefs for the appellant.

*J. Milton Sullivant,* of Kansas City, Kansas, argued the cause, and *Lewis C. Smith, Gerald L. Rushfelt, Clifford T. Mueller, Richmond M. Enochs* and *Ralph D. Lamar,* all of Kansas City, Kansas, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is an action to recover damages resulting from an automobile collision occurring in Kansas City, Kansas. The case was tried to a jury which returned a verdict in favor of the defendant and the plaintiff has perfected her appeal to this court.

It is necessary to summarize the evidence only as it depicts the conflicting contentions of the litigants. The only point on which the parties are in agreement is that the accident occurred on Wood Avenue, along the north curb of which the plaintiff had parked her automobile, and on which the defendant was driving his car in a westerly direction.

Evidence on the part of the plaintiff tended to show that on returning to her car, which was headed west, the plaintiff backed eight or ten feet east along the curb and then shifted into the "drive" gear; that before moving forward she heard a horn, put her foot on the brake and looked to the rear where she saw the defendant's car coming from the east; that she remained standing still to allow the

defendant's car to pass; and that while she was so stopped, the defendant's car struck her automobile at the left rear fender.

Conversely, the defendant's evidence was to the effect that the plaintiff's automobile had pulled away from its parked position at the curb and was moving out into the traveled portion of Wood Avenue; that her automobile was headed in a southwesterly direction and was blocking the defendant's lane of traffic at the time of impact; and that the right front part of defendant's car collided with the left front of plaintiff's automobile, after which the back parts of the cars slapped together.

The question presented by this appeal is whether it was error for the trial court to admit into evidence a report of the accident prepared by one of the investigating police officers.

The admission of the report came about in this manner. Harry G. York, the officer in question, was called by the plaintiff as a witness and testified on her behalf. During the course of his direct examination, he was handed his report of investigation for use in refreshing his recollection. As part of York's cross-examination, the police report was offered as a defense exhibit and, over the plaintiff's objection, was admitted into evidence.

The admissibility of a police officer's report of an accident investigation presents no new or novel problem in this jurisdiction. In three recent cases the question has been before this court for consideration and has been passed upon. (*Morlan v. Smith*, 191 Kan. 218, 380 P. 2d 312; *Allen v. Ellis*, 191 Kan. 311, 380 P. 2d 408; *Letcher v. Derricott*, 191 Kan. 596, 383 P. 2d 533.) Without attempting a detailed analysis of each decision, we deem it sufficient to say that the foregoing cases establish the general rule that police reports of accident investigations are not admissible as substantive evidence. The reason for this rule is well expressed in *Morlan v. Smith*, supra, where it is said:

". . . In the first place, the report was hearsay, and, secondly—the statement, 'no improper driving indicated,' was a pure conclusion on the part of the investigating officer dealing with the very question of negligence which the jury was impanelled to try. . . ." (p. 221.)

The defendant, however, contends that the rule announced in the above cases has no application here for the reason that the police report was offered solely to impeach York as a witness, even though the record does not indicate that the report was tendered or received for that limited purpose.

Although we recognize the rule that prior inconsistent statements made by a witness out of court may be shown to impair his credibility (*Leinbach v. Pickwick Greyhound Lines*, 135 Kan. 40, 10 P. 2d 33), we believe that this rule has no application under the facts of this case.

York's testimony did not conflict with the facts noted in his report. Using that report to refresh his recollection, the officer related what each litigant had told him shortly after the accident, and his testimony as to what they had said was identical with what he had written in his report. York had also prepared, hurriedly and not to scale, a freehand sketch showing the position of the cars as they came together. Since York did not witness the accident itself, his drawing had to be based on what he observed and heard after the collision happened and would be only his conclusion of where the cars met. Even so, there was no material variance between his diagram and the testimony he gave at the trial.

We believe it is apparent that the defendant's real purpose in offering the report was to get York's conclusions into evidence and before the jury. Under a column headed "Driver Violations Indicated," the officer indicated that the plaintiff had been guilty of "inattention" and "improper start from parked position." On cross-examination, and over plaintiff's objection, officer York was queried specifically about these conclusions contained in his report.

In our judgment, the trial court committed error in admitting the report and allowing York to testify to the conclusions therein contained. York's conclusions that the plaintiff was inattentive and was improperly starting from a parked position, when she was hit, were nothing more than his opinions dealing with a question which was for the jury to decide—was the plaintiff negligent in any particular? (*Kettler v. Phillips*, 191 Kan. 486, 488, 382 P. 2d 478.)

We are unable to assume that plaintiff sustained no prejudice by reason of the error. In response to special questions submitted to it, the jury found the plaintiff guilty of negligence consisting of "inattention" and "improper start from parked position." These findings are couched in the identical words of officer York, and we may not say that his conclusions did not have an influence upon the jury's deliberations.

The judgment of the lower court is reversed with instructions to grant a new trial.