GILLESPIE, Presiding Justice:
Appellant was indicted, tried and convicted of unlawful possession of narcotic drugs (demerol).
*634 It is first contended that appellant was not given a preliminary hearing until seven and one-half days after he was arrested, and on that account, he should have been discharged. The arrest took place on April 8, 1965, at a time when the district attorney, who usually makes the affidavit in cases of this kind, was out of the city. Appellant was placed in jail on investigation for petty larceny, and held until April IS, when the district attorney returned and charged him with possession of narcotics. The proof showed that the accused was informed of his rights and offered the use of a telephone after he was arrested. There is no merit in the contention that appellant should have been discharged because he was not promptly given a preliminary hearing. No statement or confession was obtained during the time he was held; there are no fruits of an illegal detention. Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965).
The principal contention of the appellant is that he was illegally arrested, and the narcotics found in his possession were seized during an illegal search of his person. The facts on this issue are not in dispute. Dr. H. B. Barnes is a physician with offices in Petal, Mississippi. His offices include a reception room, office and three treatment rooms, with entrances in the front and rear. In addition to Dr. Barnes, the offices are occupied by a receptionist, Mrs. Cross, and a nurse, Mrs. Tyner. On April 8, 1965, Mrs. Tyner noticed a man wearing a plaid shirt going out the back door. Mrs. Tyner looked on the floor beside Dr. Barnes’ desk and saw that his physician’s bag was open. She knew that this bag -was never left open, and she made an examination and learned that a vial of demerol, which he usually kept in his bag, was missing. Mrs. Tyner then asked Dr. Barnes if he had any demerol in his bag, and he stated that he did. Dr. Barnes, Mrs. Cross and Mrs. Tyner then went to the back, opened the door, and saw the appellant in the back yard of the offices. This was the same man who was seen leaving the rear of the offices earlier. Dr. Barnes finished with the 'patients he had in his office, and he and Mrs. Cross left the offices to find the man who had taken the vial of demerol. As they approached Gamble’s Drug Store, the appellant came out of the store and crossed the parking lot. Dr. Barnes then pulled into the driveway next door and stopped appellant and asked him if he wanted to give him what he had taken from his office. Appellant denied that he had taken the demerol and denied that he had been in Dr. Barnes’ office. About that time Mr. Gamble walked up. Dr. Barnes testified he then stated to appellant : “ * * * now I have sent for the law, do you want to give me the demerol that you got out of my office and he [appellant] said what else can I do.” The appellant then reached in his hip pocket and brought out a vial of demerol and handed it to Dr. Barnes. Dr. Barnes stood there until the officers arrived and put the appellant under arrest and took him to jail. Dr. Barnes stated that it might be considered that he made a citizen’s arrest, and there is no doubt that Dr. Barnes intended to detain the appellant until the officers arrived. This occurred, however, after the appellant had voluntarily given up the vial of demerol. Dr. Barnes did not place the appellant under arrest prior to the time appellant handed him the vial of demerol. There was no search made of the person of the accused by Dr. Barnes. No threat was made, and there is no merit in the argument that Dr. Barnes illegally arrested and searched the accused. We do not reach the question whether the constitutional protection against unreasonable searches and seizures applies to searches and seizures made by individuals. See Colburn v. State, 175 Miss. 704, 166 So. 920 (1936). We rest our decision on the fact that Dr. Barnes had not arrested appellant when he voluntarily handed the demerol to Dr. Barnes.
Appellant also contends that he was not provided counsel at his preliminary hearing. The record is incomplete in this *635 respect. It shows that he was arraigned on July 14 on the charge of unlawful possession of narcotics, and on the same day an order was entered appointing counsel. Appellant was ably represented by two competent attorneys, and there is nothing in the record to show that he was prejudiced by the failure to appoint counsel earlier.
The facts of the case are not in dispute, and there is no question but that appellant was guilty of the crime of unlawful possession of narcotics.
The case should be and is affirmed.
Affirmed.
RODGERS, JONES, SMITH and ROBERTSON, JJ., concur.