No. 44,493

STATE OF KANSAS, *Appellee*, v. SAMUEL L. FOSTER, *Appellant*.

(422 P. 2d 964)

Opinion filed January 21, 1967.

*Wm. E. Settle*, of Fredonia, argued the cause, and *P. W. Stephens*, of Neodesha, was with him on the briefs for the appellant.

*Donald C. Vosburgh*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by the defendant, Samuel L. Foster, from a conviction of driving a motor vehicle while under the influence of intoxicating liquor contrary to the provisions of K. S. A. 8-530. The question involved is whether or not a blood alcohol test report was properly admitted in evidence.

The facts are not in dispute and will be highly summarized.

On February 24, 1965, Trooper Walter Wiltse, of the Kansas Highway Patrol, was summoned to an accident scene seven miles east of Neodesha on Highway K-37. The defendant was one of the parties involved in the accident. During the course of the investigation by Wiltse a physical examination of the defendant indicated he might be under the influence of intoxicating liquor. Wiltse testified defendant's speech was slurred and that he was unsteady on his feet when asked to *walk a line*. Defendant was

arrested, placed in the patrol car, and transported to Wilson County Hospital at Neodesha where he consented to the taking of a blood sample by the head laboratory technician of the hospital, Kenneth Stucker.

Mr. Stucker testified he complied with the standard procedure in drawing a blood specimen for a blood alcohol test. He did not remember who the man was that he took the specimen from. He stated the specimen was placed in a tube, sealed with a stopper and tape, and identified with his initials, date and time. The tube was then inserted in a mailing container and delivered to waiting police officers.

Wiltse testified he applied postage and mailed the addressed container to the State Board of Health, Topeka, Kansas. He further testified he received by mail a report on the blood alcohol test from the State Board of Health on February 27, 1965. No other witnesses were called to testify and at this point the report in question was offered as an exhibit in evidence.

It was offered in the form of a photograph of a laboratory report on a Kansas State Department of Health form, entitled "Blood Alcohol Examination." The photographic copy was not attested, authenticated, or certified as a true copy. A copy of the exhibit is appended hereto.

Defendant made timely objection to the introduction of the report on the grounds that it was hearsay and that no proper foundation had been laid. He later objected to instruction No. 11 which advised the jury of the presumption that a defendant is under the influence of intoxicating liquor if, at the time of procurement, his blood contains 0.15 percent or more by weight of alcohol. Both objections were overruled by the trial court.

The jury returned a verdict of guilty and the court imposed sentence after a motion for a new trial was denied. This appeal followed.

The basic issue is whether or not the photographic copy of the report of the blood alcohol test was properly admitted in evidence. It follows that if the report was erroneously admitted then instruction No. 11 was erroneously submitted to the jury.

Defendant contends the State Board of Health's report is hearsay because the State failed to call witnesses to authenticate or lay a foundation for its production. The State asserts that although the report is hearsay evidence it is admissible under the business records

exception enumerated in K. S. A. 60-460 (*m*). This statute provides for the admission of business records if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness. The provisions are substantially the same as those of the prior law, G. S. 1949, 60-2869, the changes being mostly in phraseology. The present statute is, for all practical purposes, the same as the Uniform Business Records as Evidence Act. (Gard, Kansas Code of Civil Procedure, § 60-460 [*m*], pp. 482, 483.)

The trial court did not disclose its reasoning in overruling defendant's objection. The abstract merely reflects that when the court was confronted with defendant's objection the jury was dismissed; arguments were heard at the conclusion of which the court announced: "I'm going to receive the exhibit. The objection will be overruled."

While the specific question presented here has not been determined by this court the admissibility of blood alcohol test reports and testimony in connection therewith has been discussed in several cases.

In *City of Wichita v. Showalter*, 185 Kan. 181, 341 P. 2d 1001, the prosecution introduced the testimony of a laboratory technician with the sheriff's office of Sedgwick County. The technician testified in general as to the workings of the alcometer; that its operation was simple; and that if not operated correctly it would not operate at all. A member of the Wichita Police Department testified as to administering the test on the alcometer in the particular case. He testified that he had been instructed in the art of operating the machine by a police lieutenant, who was a graduate chemist and laboratory technician, who had prepared the vials to be used on the machine in the case in question.

The Wichita police officer testified that the test showed a reading of 0.21. We held the trial court did not err in refusing to strike out such testimony.

In *State v. Bailey*, 184 Kan. 704, 339 P. 2d 45, it was held that the testimony of B. L. Glendening, Ph. D., principal chemist for the Kansas State Board of Health, concerning the results of a blood alcohol test conducted under his supervision, was properly admitted even though the test in question was actually conducted by an

assistant chemist in the laboratory. On appeal the defendant urged that the assistant, who made the analysis, must be produced as a witness in order that the report might be introduced. We stated at page 708 of the opinion:

". . . The analysis was conducted under the supervision and control of Dr. Glendening and as such became his own analysis. He was the proper party to testify concerning the results of the analysis. . . ."

In *State v. Johnson*, 190 Kan. 795, 378 P. 2d 167, a blood alcohol report of the State Board of Health laboratory was offered during the testimony of the sheriff of Johnson County. The report was objected to on the grounds no proper foundation was laid. The objection was sustained by the trial court. The jury was instructed to disregard the testimony of the witness concerning the report. The defendant was convicted nevertheless on other evidence and the defendant urged on appeal that even though the testimony was excluded it could not have been forgotten by the jury and a mistrial should have been granted. The conviction was affirmed on appeal but the question of whether or not the report was admissible on the sheriff's testimony was not discussed.

In *Williams v. Hendrickson*, 189 Kan. 673, 371 P. 2d 188, a civil action for damages, the report of a blood alcohol test was admitted on the testimony of a doctor who withdrew the blood. The admission of the test report was objected to on the ground that under the provisions of G. S. 1961 Supp., 8-1001, now K. S. A. 8-1001, the use of the report as evidence was limited only to criminal actions and that the doctor was incompetent to testify inasmuch as he had taken the blood from the appellant and there was thereby created a doctor-and-patient relationship, and that any information pertaining to the test was privileged. Both contentions were determined adversely to appellant. It was stated on page 676 of the opinion:

". . . We are of the opinion such evidence, if properly obtained and accurately identified, may be admitted in a civil action where pertinent to the issues involved in the case."

We know of no cases in this or any other jurisdiction and we are cited to none where a blood alcohol test report was held to have been properly received in evidence, over objection, without the testimony of a witness who could identify the report and explain methods and procedures used in its production. A witness may qualify, however, even though he did not actually perform the test himself. (*State v. Bailey*, supra.)

Two recent cases in which the question presented might be considered somewhat analogous to that before us here are *Letcher v. Derricott*, 191 Kan. 596, 383 P. 2d 533, and *McGrath v. Mance*, 194 Kan. 640, 400 P. 2d 1013. In both cases it was held that the accident report of a police officer is inadmissible when objected to as hearsay.

A statement of the general rule is found in 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 332, p. 875, as follows:

"In a prosecution for driving while intoxicated or under the influence of intoxicating liquor, evidence as to the alcohol content of a specimen of the body fluid of the defendant, as determined by scientific analysis, and expert opinion testimony as to what the presence of the ascertained amount of alcohol in the blood, urine, or other body fluid of an individual indicates with respect to the matter of such individual's intoxication or sobriety, is ordinarily admissible as relevant and competent evidence upon the issue of intoxication. However, it is essential, to warrant the admission in evidence of the specimen of the body fluid and testimony as to the analysis thereof, that the specimen be satisfactorily identified as that taken from the person whose intoxication is in question."

The burden of the prosecution is set out in 22A C. J. S., Criminal Law, § 645 (3), p. 528, as follows:

"The prosecution has the burden of proving that the test was correctly administered in the particular case; so, where the prosecution offers the test results in evidence, it should prove that the operator of the apparatus had been certified, that the apparatus was in proper working order, and that the chemicals used were in proper condition; but it is not necessary that the operator be a scientist, although he must be properly qualified. It is for the trial court to determine, on the basis of the evidence before it, whether the operator was qualified by training or experience, and whether the apparatus was operated properly when accused was given the test."

The identical question here involved has recently been dealt with in a number of our sister states.

In an analogous case, *State v. Reenstierna*, 101 N. H. 286, 140 A. 2d 572, the trial court admitted a letter from the State Department of Health, on the testimony of the Chief of Police he received a communication from the State Department of Health relating to a laboratory analysis of a defendant's blood sample. The State argued the letter was admissible hearsay because it was a business record prepared in the regular course of business. On appeal the Supreme Court of New Hampshire reversed defendant's conviction for operating a motor vehicle on a public way while under the influence of intoxicating liquor, and in its opinion stated:

"The State has the burden of proving that the chemical test for intoxication was correctly administered in the particular case. McCormick, Evidence, s. 176, p. 377 (1954); Ladd and Gibson, Legal-Medical Aspects of Blood Tests, 29 Va. L. Rev. 749, 755-758. One of the most important prerequisites for the admission of the results of chemical tests for intoxication is that the specimen analyzed shall be traced to the accused. Note, 51 Mich. L. Rev. 72, 79 (1952); anno. 21 A. L. R. (2d) 1216. The State is required to establish the essential links in the chain of evidence relied on to identify the blood analyzed as being the blood taken from the accused. *Rodgers v. Commonwealth,* 197 Va. 527; *Estes v. State,* 162 Tex. Cr. R. 122; *Utah Farm Bureau Ins. Co. v. Chugg,* 6 Utah (2d) 399. . . .

"In this case the blood sample taken from the defendant has not been identified with and traced to the analysis made by the State Department of Health. However likely it may be that they are one and the same, the State has failed to prove it. The letter received by the chief of police was not a record of his office which is admissible under the Uniform Business Records as Evidence Act. . . ." (pp. 287, 288.)

In the instant case the report received by Trooper Wiltse cannot be deemed admissible as a record of his office received and entered in the regular course of business as contemplated by the statute. The report was specially prepared by the laboratory for the Kansas Highway Patrol in anticipation of future litigation by the State. The testimony of Wiltse supplied an important link in the chain of evidence identifying the blood sample. The Trooper, however, had nothing to do with the chemical analysis or the preparation of the report reflecting the results.

The Texas Court of Criminal Appeals in *James Alexander Estes v. State,* 162 Texas Cr. R. 122, 283 S. W. 2d 52, discussed the problem relating to the admission of blood alcohol test report without the use of witnesses to create a proper foundation. It was found the exhibits when admitted over defendant's objection were hearsay and self-serving, denied defendant's constitutional right of being confronted with the witnesses who were going to testify against him and deprived him of the opportunity to cross-examine the witnesses who signed the instruments. It was held the trial court should have sustained the objection and its admission of the exhibits requires that the conviction be set aside.

A comprehensive study of decisions dealing with the proper presentation of chemical tests for intoxication is found in Donigan on Chemical Tests And The Law, pp. 62-71. A summary of Donigan's comments on the subject suggests that a complainant to overcome an objection to the admission of a chemical analysis of a specimen

of blood in both criminal and civil actions has a duty to satisfactorily identify a person whose intoxication is in question, identify the specimen of blood used in the analysis as belonging to that person and submit the results and pertinent facts related to the analysis.

See, also, *Apodaca v. Baca,* 73 N. M. 104, 385 P. 2d 963; *People v. Lyall,* 372 Mich. 607, 127 N. W. 2d 345; *McGowan v. City of Los Angeles,* 100 C. A. 2d 386, 223 P. 2d 862; 21 A. L. R. 2d 1206; *Newton v. City of Richmond,* 198 Va. 869, 96 S. E. 2d 775.

The State directs our attention to the case of *Thomas v. Hogan,* 308 F. 2d 355, (4th Cir. 1962), a civil action for damages. The principal question was whether a hospital record containing an entry showing the result of a Bogen's test for intoxication was admissible as a business record under the federal shop-book rule. (28 U. S. C. A. § 1732.) Plaintiff, a serviceman, was struck by defendant's automobile and taken to a nearby Navy dispensary. Dr. Schwartz, the physician in charge, ordered a blood alcohol test after his examination indicated plaintiff's symptoms could result from a head injury as well as intoxication. A corpsman took the blood sample and conducted the distillation operation in a laboratory located on the same premises. Dr. Schwartz made the visual comparison which indicated that the plaintiff was intoxicated. The trial court refused to admit Dr. Schwartz's testimony or allow the admission of the hospital record containing the test results because the corpsman was unavailable to testify and Dr. Schwartz had no personal knowledge of the preliminary part of the test. The Fourth Circuit Court of Appeals reversed the trial court and found the "missing link" in the chain of identification of the blood sample between the corpsman's taking the blood and Dr. Schwartz's determination of the test result was supplied by the presumption of regularity which attaches under the shop-book statute.

Dr. Schwartz was in charge of the laboratory and present at the time the blood sample was taken. He executed the most important part of the test. He was present at the trial as a witness to identify the report and testify as to the details and methods used in the experiment and was subjected to cross-examination in connection therewith. The instant case is clearly distinguishable. Here there is no testimony from any laboratory personnel identifying the report and explaining its production such as that of Dr. Schwartz in *Thomas* or that of Dr. Glendening in *State v. Bailey,* supra.

In this case the chain of evidence connecting defendant with the

blood sample breaks with the posting of the sample by Trooper Wiltse. However, likely the facts are as claimed by the State, the abstract is void of evidence to prove it.

The State argues that even though it was error to admit the blood test report as evidence, it was merely cumulative and cannot be said to have affected the substantial rights of the defendant. We cannot agree that the rule applies here. The only other evidence of intoxication was the testimony of Wiltse that defendant's speech was slurred and he was unsteady when walking a line. Admittedly defendant might have been convicted on such evidence alone. However, in our view, the error in the admission of the blood alcohol report compounded by the submission of an instruction based thereon; that a presumption of intoxication existed, manifestly prejudiced the substantial rights of defendant whereby he was denied a fair trial.

The judgment is reversed with directions to grant a new trial.

# APPENDIX

**Kansas State Department of Health**
Division of Laboratories
National Reserve Bldg.—Topeka
Typewrite or Print Plainly (Soft Pencil or Black Ink)

**BLOOD ALCOHOL
EXAMINATION**

Patient _SAMUEL L. FOSTER_ Age _61_ Sex _M_

Address _201 S. 5TH, NEODESHA, KS._ Race _W_

**Reply To**

Name _WALTER WILTSE_

Street or Agency _HIGHWAY PATROL_

_FREDONIA_ KANSAS

Report via    Radio ☒        Mail ☒

Date Sample Was Taken _2-24-65_ Time Taken _5:35 PM_

Blood Drawn By _Kenneth Stocker_ Address _623 N. 101C, Neodesha_

Remarks _Blood Alcohol_

---

**Do Not Write Below This Line**

**LABORATORY REPORT**

Lab. No. _953_

Rec. _FEB 26 1965_

Rpt. _FEB 26 1965_

Blood Alcohol _0.162_ % By Weight

_C. P. Zimmerman, Chemist I._
Chemist

_Nicholas D. Duffett_
*Director of Laboratories.*

Notes on Collection:  Do Not use alcohol or acetone for sterilization of skin, needle or syringe.
Collect 10 c.c. of venous blood.  *Shake thoroughly to mix anticoagulant.*  Tape stopper and carton.

30-4638-2-8—34-32        8-64-5M