Henniker District Court
No. 6763

STATE OF NEW HAMPSHIRE

v.

JAMES G. RUSSELL

March 29, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney (*Mr. Smith* orally), for the State.

*Branch, Strimbeck & Hogan* and *Thomas J. Tobin (Mr. Tobin* orally) for the defendant.

GRIFFITH, J.  Defendant was convicted in the Henniker District Court of unlawful possession of a controlled drug in violation of RSA 318-B:26 (Supp. 1973). The only evidence at the trial of the character of the material seized from defendant consisted of a letter to the chief of police of Henniker purporting to be from the supervisor of the State police laboratory. This letter recited that it was a summary report on the contents of a plastic bag submitted by a person named Chagnon concerning James Russell and that the bag contained 4.9 grams of vegetative matter that upon examination and analysis was found to be "Cannabis sativa, L, marijuana." Defendant's exception to the admission of the letter was reserved and transferred by the District Court (*Greenhalge,* J.) pursuant to RSA 502-A: 17-a.

There is no transcript of the evidence but the district court's ruling is supported by a written opinion relying solely on our decision in *State v. Larochelle,* 112 N.H. 392, 297 A.2d 223 (1972). This reliance is misplaced since there were many factors in the *Larochelle* case not present in support of the evidence admitted in this case. In *Larochelle* we upheld the constitutionality of RSA 262-A:69-k (Supp. 1973), which made admissible as evidence the official report of any blood alcohol test performed pursuant to RSA 262-A:69-a without the attendance of the person

who took the sample or performed the test, unless a notice was filed by the defendant requiring the attendance of such person.

The blood alcohol test is performed only with the consent of the defendant (RSA 262-A:69-a (Supp. 1973)) under standards approved by the director of the division of public health (RSA 262-A:69-i (Supp. 1973)) and a copy of the results of the test are required to be delivered to the defendant. The result of a blood alcohol test may be evidence of the innocence or guilt of the defendant. RSA 262-A:63 (Supp. 1973). In *Larochelle* we held that the official report carried "sufficient characteristics of trustworthiness to be safely placed before the trier of fact without confrontation of the tester." *State v. Larochelle,* 112 N.H. 392, 397, 297 A.2d 223, 226 (1972). The provision in the statute concerning notice to require the presence of the persons performing the test did not bear on the constitutionality of the statute, since even in the absence of such a provision the statute was a constitutionally permissible state-created exception to the hearsay rule. *Kay v. United States,* 255 F.2d 476 (4th Cir. 1958).

Unlike the *Larochelle* case, in the case at bar there was no statutory procedure for conducting the laboratory examination; no opportunity whatsoever for cross-examination of the official who conducted the test; no official report required; and no copy furnished to the defendant in advance of trial. The summary report received by the chief of police does not in our opinion fall within the provisions of the Uniform Business Records as Evidence Act (RSA ch. 521) as a hearsay exception. *State v. Reenstierna,* 101 N.H. 286, 140 A.2d 572 (1958); *see* Annot., 69 A.L.R.2d 1148 (1960). We note too the absence of any showing that the laboratory test was "correctly administered" or that "the essential links in the chain of evidence relied on" were present. *State v. Reenstierna, supra* at 287-88, 140 A.2d at 574 (1958); *see Parent v. Tetreault,* 109 N.H. 82, 84, 242 A.2d 67, 68 (1968).

The letter in this case does not possess the indicia of trustworthiness or reliability which would justify its admission as an exception to the hearsay rule and to rule other-

wise would impermissibly encroach on both federal and state constitutional safeguards. N.H. CONST. pt. 1, art. 15; *State v. Reenstierna,* 101 N.H. 286, 140 A.2d 572 (1958); *State v. Clapp,* 94 N.H. 62, 46 A.2d 119 (1946); U.S. CONST. amend. VI; *Pointer v. Texas,* 380 U.S. 400 (1965); *Barber v. Page,* 390 U.S. 719, 725 (1968); *Dutton v. Evans,* 400 U.S. 74, 89 (1970); *Chambers v. Mississippi,* 410 U.S. 284, 295 (1973); *Phillips v. Neil,* 452 F.2d 337, 344-45 (6th Cir. 1971); Proposed Federal Rules of Evidence Rule 803 (6) and (8) (1973).

Since the improperly admitted letter was the sole evidence supporting the conviction, the defendant's motion for a directed verdict should have been granted and his exception to a denial is sustained.

*Defendant's exceptions sustained; defendant discharged.*

GRIMES, J., concurs in the result; the others concurred.