No. 28,780.

In re Petition of J. B. McINTYRE for Writ of Habeas Corpus; J. B. McINTYRE, *Petitioner*, v. LLOYD SANDS, as Sheriff of Neosho County (successor to C. E. Yockey), *Respondent*.

(278 Pac. 761.)

Opinion filed July 6, 1929.

*James W. Finley, B. M. Dunham* and *James A. Allen,* all of Chanute, for the petitioner.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Hugo T. Wedell,* county attorney, for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a habeas corpus proceeding. J. B. McIntyre was accused of the crime of arson in the first degree. Upon the filing of a complaint he was arrested and brought before a magistrate for a preliminary examination. A hearing was had and the magistrate found that the crime had been committed and that there was probable cause to believe that the petitioner was guilty of the

offense charged. It appears that his codefendant, Ephraim Garrett, jointly charged with commission of the crime, pleaded guilty to his part in the burning of the building and has since been sentenced to the penitentiary. Petitioner was admitted to bail, and after giving a bond for $5,000 binding him to appear for trial in the district court he was discharged from custody. A few days before the time set for trial in the district court he concluded to test the right of the magistrate to bind him over for trial, by habeas corpus proceeding, and so a surrender by his surety was effected, and he then brought this proceeding, upon the alleged ground that the proof was insufficient to warrant a belief that he was guilty of the offense charged.

No question is raised as to the sufficiency of the complaint or of the warrant, nor that he was not fully advised as to the nature of the crime with which he was charged. The ground upon which he seeks release from what looks like a self-imposed custody, after a bond had been given, is that the testimony of a witness on the preliminary examination as to petitioner's connection with the arson was hearsay. The witness, a state fire marshal, who had made an examination of the case, testified that the petitioner burned the building, and upon cross-examination it developed that he did not see nor have personal knowledge of the part taken by the petitioner in the burning of the building, but had gained information of it from Ephraim Garrett, who was jointly charged with the petitioner for the arson, who said that he had been hired by McIntyre to commit the offense. The confession of Garrett was not made in the presence of McIntyre, and therefore it is contended that the testimony was wholly incompetent and should have been stricken from the record and from consideration of the magistrate. The confession was that of a codefendant. A preliminary examination is not a trial of a defendant's guilt; it is rather an inquiry whether the defendant should be held for trial. Its principal purpose is the determination of whether a crime has been committed and whether there is a probability that the defendant committed the crime. The main object, it has been said, is:

"To apprise the accused of the nature of the crime or crimes charged against him, and to apprise him partially, at least, of the sort of evidence he will have to combat when he is subjected to formal prosecution in the district court." (*King v. McKnight,* 120 Kan. 692, 695, 245 Pac. 105.)

And where an attempt has been made to give an accused a preliminary examination and he has been given reasonable notice, by

the papers and proceedings in the case, of the nature and character of the offense charged, the examination has served its principal purpose and is ordinarily regarded as sufficient. (*State v. Bailey*, 32 Kan. 83, 3 Pac. 769; *State v. Geer*, 48 Kan. 752, 30 Pac. 236.)

The purposes of an examination have been quite well subserved in the present case. There is no question that the crime charged had been committed, and it is reasonably clear that the petitioner had notice of the crime charged against him and the kind of testimony that he would have to meet. It appeared that the witness testified that petitioner had committed the offense charged, and it was disclosed on cross-examination that he had gained his information mainly from a confession of a codefendant of the accused. It is insisted that upon this disclosure the testimony should have been stricken out, but the magistrate ruled to the contrary. Probably this testimony would have been stricken out if it had been given upon the final trial of the petitioner in the district court. Proceedings in a preliminary examination are not expected or required to be as regular and formal as in a final trial. The same strictness as to the admissibility of evidence is not as necessary where probability of guilt is at issue as where actual guilt is the matter on trial. (*State v. Spalding*, 24 Kan. 1.) It has been said that:

"Preliminary examination affords and is designed to afford general information to the person held to answer respecting what he must meet." (*State v. Powell*, 120 Kan. 772, 777, 245 Pac. 128.)

Here there was a *bona fide* attempt to give the petitioner a preliminary examination which afforded him general information as to the charges he must meet, and it appears that when he was held for trial he gave bail for his appearance in the district court. In the bond which he presented and upon which he gained his release from custody it was stated that:

"Whereas, it appears that the offense of arson in the first degree has been committed, and there is probable cause to believe that the defendant, J. B. McIntyre, is guilty of its commission; now, we the undersigned," etc.

This recital was the view of the petitioner at that time, and we think he should have submitted to a trial, which he could have had much earlier than he could obtain a decision upon the application for a release on habeas corpus.

Our conclusion is that under the facts and circumstances presented the application must be denied and the petitioner remanded. It is so ordered.