No. 36,457

THE STATE OF KANSAS, *Appellee*, v. FRED WILLHITE, *Appellant*.

(166 P. 2d 562)

Opinion filed March 9, 1946.

*Fayette Rowe*, of Columbus, argued the cause for the appellant.

*C. E. Rumery*, county attorney, argued the cause, and *A. B. Mitchell*, attorney general, *Leon W. Lundblade*, assistant attorney general, and *Robert T. Patterson*, assistant county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appellant was convicted of receiving stolen personal property having a value of fifty dollars, knowing the same to have been stolen, as such crime is defined by G. S. 1935, 21-549. He appeals and asserts as assignments of error the following: The overruling of his plea in abatement; the overruling of his motion for a new trial, based upon the contentions that the court instructed the jury as to conclusions of fact and that the court failed to in-

struct the jury upon a lesser offense; and the overruling of his motion in arrest of judgment, based upon the contention that the defendant was not charged in the information with a public offense. Appellant's contentions will be considered in the order of their assertion.

1. Should the plea in abatement have been sustained? A copy of the complaint is not included in the abstract. Evidently the appellant and his wife originally were charged jointly but a severance was requested and allowed. The plea in abatement sets forth that at the preliminary hearing the justice of the peace found that the offense charged in the complaint and warrant had been committed; that there was probable cause to believe the defendants committed said offense and that they should be bound over to the district court. Following a statement to such effect, the plea in abatement then alleges that there was no evidence whatsoever introduced at the preliminary hearing showing that the defendants had committed a felony in that no testimony was introduced showing that the value of the involved property was in the amount of twenty dollars or in excess thereof; that consequently the justice of the peace heard no evidence upon which to make a finding that the offense charged in the complaint had been committed. It is urged by the appellant that since no evidence was introduced at the preliminary showing the value of the involved personal property, it must follow that there was no evidence justifying the justice to have probable cause to believe that the defendants committed the offense charged in the complaint and that therefore they were wrongfully bound over to the district court. Counsel for the respective parties were unable to agree as to what the abstract should set forth showing the testimony introduced at the preliminary hearing. Therefore, this court sent for and has before it for examination the original transcript of the evidence introduced at the preliminary. The appellant was represented at such examination by counsel. A witness called by the state testified that he and some other boys, whom he named, went to the home of Ruth Powell and stole a basket of clothes and a couple of blankets and brought them back to the appellant's restaurant and left them. The next morning the appellant's wife paid the boys two dollars for the personal property. The witness was asked the following question:

"I will ask you if that basket of clothes contained the following articles: Three mens white shirts of the value of $2.00 each; one mans white striped

shirt of the value of $2.00; two pair of mens black pants, size 36-30, of the value of $2.50 each; two pairs mens khaki pants of the value of $2.00 each; one pair of mens brown dress pants of the value of $5.00; two sets of window curtains of the value of $5.00 each; two pair of pillow slips of the value of $2.00 each; two sheets of the value of $2.50 each; ten tea towels of the value of .50 each; four luncheon cloths of the value of $2.00 each; one dresser set of the value of $2.50; one yellow bedspread of the value of $4.50; three baby blankets of the value of $1.00 each; one baby quilt of the value of $1.00; Seven turkish towels of the value of .50 each—do you know whether that basket contained those things?"

The witness answered: "Contained some of them I know." The witness was then asked if the basket also contained an Indian blanket and a heavy patch comforter and in reply testified that the comforter was left in the back of a truck and he didn't remember seeing the Indian blanket but that the two articles were not in the basket when it was brought into the restaurant. He was then asked the following question: "Was all the rest of the stuff in there to the best of your knowledge?" and answered: "Yes." No objections were made to the form of the question or as to the failure of the witness to qualify for the purpose of testifying as to the value of the articles. It is apparent that the county attorney, in propounding the question, merely read from the complaint the values set forth therein after the description of the respective articles named in the complaint as having been stolen. We are unable to find any other testimony which was given at the preliminary touching upon the question of value and counsel for the state do not direct our attention to any additional testimony touching upon that question. The values named in the question aggregate the amount of $68.50. Therefore, it appears that the appellant must have known that he was being charged with having received stolen property having an aggregate value far in excess of twenty dollars even if no other testimony was introduced at the preliminary to prove such fact. Perhaps the examining magistrate might have drawn upon his common knowledge to the same extent as a juror would be entitled to do in considering whether the articles enumerated in the question probably had an aggregate value of twenty dollars or more. It is not necessary to decide such a question because the principal purpose of the preliminary examination had been accomplished.

What is the main or principal purpose of a preliminary examination? Comparatively early in the history of criminal procedure in this state Mr. Justice Valentine considered the question in the

case of *State v. Bailey,* 32 Kan. 83, 3 Pac. 769. From syllabus paragraph one of the cited case the following is quoted:

"In a criminal prosecution for a felony, where the defendant interposes a plea in abatement, upon the ground that he has not had any proper preliminary examination, *held,* that the only questions presented to the court for consideration are, whether an attempt has been made to give the defendant a preliminary examination; and whether, by such attempt, reasonable notice has been given to him with regard to the nature and character of the offense charged against him. And it is not necessary, in such a case, that the papers and proceedings on the preliminary examination should be technically regular and exact, like the papers and proceedings required on the final trial. It is not necessary that the papers and proceedings on the preliminary examination should set forth the offense in all its details, and with perfect and exhaustive accuracy. For the purpose of authorizing a final trial, and requiring that the defendant should plead to the merits of the action, all that is necessary is that the defendant should be given a fair opportunity to know, by a proffered preliminary examination, the general character and outlines of the offense charged against him; . . . and the defendant should take notice, from the evidence introduced by the state on the preliminary examination, as well as from the papers in the case, of the nature and character of the offense charged against him. . . ."

From the opinion of the court written by Mr. Chief Justice Johnston in the case of *McIntyre v. Sands,* 128 Kan. 521, 278 Pac. 761, the first and second paragraphs of the syllabus are quoted as follows:

"1. The main purpose of a preliminary examination of one accused of crime is to determine that a crime has been committed and to give him general information of the nature of the crime charged, and apprise him of the sort of evidence he will be required to meet when he is subjected to a final prosecution in the district court.

"2. It is not necessary that there should be the same formality or strict compliance with procedure and the rules of evidence in a preliminary examination as upon the final trial of the accused."

The opinion in the cited case quotes with approval from the case of *King v. McKnight,* 120 Kan. 692, 245 Pac. 105, from which the following is quoted:

"The main object to be accomplished in a preliminary examination of a person accused of crime is the determination of whether a crime has been committed and whether the accused person is probably guilty thereof. Other objects served by such examination are to apprise the accused of the nature of the crime or crimes charged against him and to apprise him, partially at least, of the sort of evidence he will have to combat when he is subjected to formal prosecution in the district court. (*Sate v. Bailey,* 32 Kan. 83, 3 Pac. 769; *State v. Geer,* 48 Kan. 752, 754, 30 Pac. 236.)" (p. 695.)

The opinion in the *McIntyre v. Sands* case, supra, continues as follows:

"Proceedings in a preliminary examination are not expected or required to be as regular and formal as in the final trial. The same strictness as to the admissibility of evidence is not as necessary where probability of guilt is at issue as where actual guilt is the matter on trial. (*State v. Spalding,* 24 Kan. 1.) It has been said that:

" 'Preliminary examination affords and is designed to afford general information to the person held to answer respecting what he must meet. (*State v. Powell,* 120 Kan. 772, 777, 245 Pac. 128.)'

"Here there was a *bona fide* attempt to give the petitioner a preliminary examination which afforded him general information as to the charges he must meet, and it appears that when he was held for trial he gave bail for his appearance in the district court. . . ." (p. 523.)

See, also, *State v. Mathews,* 137 Kan. 546 at p. 548, 21 P. 2d 408.

Application of the foregoing general principles in the present case convinces this court that the proceedings at the preliminary hearing adequately advised the appellant of the nature of the crime charged against him and apprised him, partially at least, of the sort of evidence which he would have to meet when subjected to prosecution in the district court. There is no showing in the record that the appellant was prejudiced in any manner by reason of any failure of testimony at the preliminary hearing. It cannot be said that the appellant did not know what was charged against him in the complaint. He at least knew what was in the warrant of his arrest and the preliminary examination is based upon the warrant and not upon the original complaint. True it is, that certain other purposes are served by a preliminary examination, one of the principal ones being the determination of whether a crime has been committed and whether there is a probability that the defendant committed the crime. (See *State v. Howland,* 153 Kan. 352, 110 P. 2d 801.) But the appellant in this case complains only of a deficiency in the evidence relative to the value of the articles alleged to have been stolen and purchased by the appellant when he was possessed with knowledge of their theft. The reference in the testimony to the number and the nature and claimed value of the articles, coupled with the information which the appellant could have obtained by reading the warrant, sufficiently apprised the appellant of the nature of the crime charged against him. His plea in abatement, therefore, was properly overruled.

2. In support of the second assignment of error, appellant contends that the trial court erred in overruling his motion for a new trial, in which the court's attention was called to instruction No. 6. It is contended that such instruction contained a conclusion to the effect that a certain Ruth Powell was the owner of the property in question. In order to clarify the contention, it is necessary to note that in the trial before the district court the state produced certain articles of personal property, some of which were never identified as having been in the basket of clothing which is alleged to have been stolen from the home of Ruth Powell. It may be admitted that certain articles of clothing referred to in the testimony were never proved to have been the property of Ruth Powell and that appellant introduced uncontradicted testimony to the effect that certain articles referred to in such testimony had been purchased by him in a legitimate and lawful manner. The fact that such articles were in the courtroom arises by reason of their having been obtained in a search of the appellant's premises after his arrest and while he was confined in jail. Because of such circumstances the appellant complains of the court's instruction No. 6. Counsel for the appellant has failed to produce in this court all of the instructions given by the court and such an omission perhaps would justify our refusing to give further consideration to any one particular instruction because generally the instructions must be considered as a whole and this court cannot apply such a rule if all of the instructions are not before it. However, in deference to our desire to reach the merit of the contention rather than to pass upon the manner of its presentation, instruction No. 6 will be considered. The instruction reads as follows:

"If you find and believe *from the evidence in this case* beyond a reasonable doubt as follows:

"First, [refers to time and place of the crime] that the defendant, Fred Willhite, did then and there unlawfully buy or receive the goods or personal property described in the Information herein filed, or any part thereof; and,

"Second, that said goods or personal property were stolen from Ruth Powell, *the owner thereof;* and,

"Third, [refers to the defendant's knowledge of the goods having been stolen]; and,

"Fourth, [refers to defendant's having bought said goods with fraudulent intent of depriving the owner thereof];

then if you so find and believe beyond a reasonable doubt you should find the defendant, Fred Willhite, guilty as charged; but if you do not so find that each and all of said elements which it takes to constitute said offense

existed at the time in question then you should find him not guilty." (Emphasis supplied.)

It is contended that in the second subdivision of the instruction the court, in substance, instructed the jury that Ruth Powell was the owner of the personal property in question and that since the evidence, as hereinbefore pointed out, was conflicting as to the ownership, the matter of determining the ownership of the property was a disputed fact which the jury, and not the trial court, had the duty of deciding. Reading instruction No. 6 in its entirety must result in the observation that the court instructed the jury that it must find and believe *from the evidence* all of the necessary elements set forth in the four subdivisions of the instruction before it could be justified in convicting the defendant. It was not necessary to repeat the admonition referring to the findings being based upon the evidence in connection with each of the four subdivisions. The general admonition obviously applied to the second subdivision as well as to the elements of the alleged crime set forth in the first, third and fourth subdivisions of the instruction. Perhaps the second subdivision of the instruction could have been worded more carefully but there is nothing in the record in this case to justify a conclusion by this court that the wording of the instruction confused the jury or that the appellant was prejudiced in any manner by reason of the form of the instruction. Appellant makes a similar contention in regard to instruction No. 8 but examination thereof reveals clearly again that the referred-to objectionable conclusions therein were predicated upon the jury finding the same "from the evidence beyond a reasonable doubt" and therefore, we find no reversible error in the instruction.

In connection with the asserted errors incident to the instructions, counsel for appellant vigorously insists that appellant was entitled to a new trial because of the failure of the court to instruct upon the lesser offense. In support of such contention counsel cites and relies upon the case of *State v. Phelps*, 151 Kan. 199, 97 P. 2d 1105. In the cited case this court held that it was prejudicial error, under the facts stated in the opinion, for the trial court to fail to instruct the jury concerning the lesser offense even though a request for such instruction was not made. In the present case also no request for such an instruction was made. Counsel for the state, however, call our attention in the counter-abstract to instruction No. 4, which concludes as follows:

"Another section of our statute provides that any person convicted of stealing any property of another, of the value of Twenty Dollars or more, shall be punished by confinement and hard labor in the penitentiary not exceeding five years.

"And our statute further provides that any person convicted of stealing any property of another, under the value of Twenty Dollars, shall be imprisoned in the county jail not exceeding one year or by fine not exceeding One Hundred Dollars, or by both such fine and imprisonment."

In addition the court admonished the jury in instruction No. 5 that it was necessary for the jury to find the value of the property which it was alleged was stolen. The instruction reads:

"That at said time said goods or property had a value, *which value you must determine.*" (Emphasis supplied.)

In subdivision "Third" of instruction No. 6 the court instructed that before the jury could convict the defendant it would be necessary for the jury to find from the evidence in the case beyond a reasonable doubt "that the defendant at the time he bought or received said goods or personal property, if he did so, knew that they were stolen; and that at said time they had a value, *which you must determine.*" (Emphasis supplied.) The verdict of the jury, after setting forth that the defendant was guilty of the crime as charged, concludes as follows:

". . . and we further find that at the time it was so bought or received, the value of said property was $50."

From the foregoing it will be seen that the court advised the jury relative to the lesser offense and clearly instructed the jury that it must find the value of the alleged stolen property. If the jury had returned its verdict finding the value of such property to be less than twenty dollars, an entirely different result would have occurred. In the cited case of *State v. Phelps,* supra, no instruction whatever was given covering the offense of negligent homicide and the evidence in that case fairly established that probably the crime of which the defendant was guilty was that of negligent homicide even though he was convicted of fourth degree manslaughter on two counts. The court in the cited case entirely overlooked the significance of G. S. 1935, 62-1447 and its application to what is now G. S. 1943 Supp. 8-529, and instructed only on the degrees of manslaughter and on reckless driving as defined by G. S. 1943 Supp. 8-531. In the cited case it was emphasized that where the evidence so plainly points to the necessity for a certain instruction, no request therefor is necessary. Do we have such a case before us in this appeal?

As before stated, in the present case the court did advise the jury as to the lesser offense and protected the appellant by instructing the jury in at least two instructions that it would be necessary for it to establish the value of the alleged stolen property. As a consequence it cannot be said that the jury was misled or uninformed by the instructions or that the appellant actually was prejudiced by the failure to enlarge upon the instructions as to the lower degree of crime. As was said in *State v. Phelps,* supra, "It is not easy, and perhaps it is impossible to entirely harmonize the decisions upon this question." One of the tests relied upon in the decisions is whether the evidence clearly requires that the jury be instructed upon the lesser offense. If the evidence so requires and the jury might naturally and probably have convicted the defendant of the lesser offense, then the omission will constitute prejudicial error. (See *State v. Winters,* 81 Kan. 414, p. 421, 105 Pac. 516.) Applying such test to the present case, we find that there was abundant evidence introduced at the trial proving that the value of the articles which it is alleged the appellant purchased greatly exceeded the amount of twenty dollars. Counsel for appellant, however, contends that in all of the personal property produced at the trial only three articles belonging to Ruth Powell were positively identified and that such articles did not have an aggregate value of twenty dollars. The three articles referred to were found in the home of the appellant after his arrest. Such evidence, therefore, only connected the identified articles with all of the property which it is claimed was stolen from the Ruth Powell home and all of which the evidence established was purchased by the appellant. The question was not whether the value of the goods found in the premises of the Willhites was less than twenty dollars; on the contrary, the question was whether the value of the property stolen from the Ruth Powell home and purchased by the appellant was more than twenty dollars. In such circumstances the evidence did not clearly require instruction upon any lower degree of crime and it did clearly establish the guilt of the appellant in the commission of the crime as charged. Consequently, this court is of the opinion that the case of *State v. Phelps,* supra, is not controlling in the present case and that the failure to give more adequate and complete instructions on the lesser offense was not prejudicial to the rights of the appellant. In this case the court is of the opinion that the evidence does not plainly support the theory of the lower degree of the offense charged and

that, therefore, it was not the imperative duty of the court, in the absence of a request therefor, to define with particularity the law respecting the inferior degree of the offense. Such a conclusion is further fortified by the realization that frequently counsel for defendants in criminal cases not only do not request an instruction on the lesser offense but sometimes object to the giving of such instruction because they indulge in the hope of securing a complete acquittal for the defendants when the evidence fails to prove the greater offense.

3. The final contention of the appellant is that the court erred in overruling his motion in arrest of judgment. Such motion is predicated upon the presumption that the information did not describe the property sufficiently. In support thereof appellant's counsel cites G. S. 1935, 62-1007, which requires that the information set out the name of the owner of the property. The information did so. G. S. 1935, 62-1005, also is relied upon. Such section requires that the information must be direct and certain as it regards the party and the offense charged. Appellant's counsel, in quoting the statute, probably inadvertently, used the word "property" instead of the proper statutory word "party." Appellant's counsel cites cases to the effect that property must be sufficiently identified in an information in order to afford protection against subsequent prosecutions and in order to support a plea of former jeopardy. We have examined the cited cases and the information in the present case. It is difficult to conjecture a manner wherein the county attorney could have described the articles named in the information with any greater degree of identification and there is no showing in the record that any failure along such lines affected the substantial rights of the accused. In view of G. S. 1935, 62-1718, and the numerous decisions of this court under that statute to the effect that a judgment of conviction will not be reversed unless it is clear that the errors affect the substantial rights of the accused, this court is convinced that the grounds for reversal urged by the appellant are insufficient. (See *State v. Caldwell*, 131 Kan. 622, 627, 293 Pac. 389.)

The judgment is affirmed.