No. 43,575

THE STATE OF KANSAS, *Appellee*, v. JAMES EARLEY, WILLIAM GLENN DENNEY, and JOHN BYERS FINLEY, *Appellants*.

(386 P. 2d 189)

Opinion filed November 2, 1963.

*Charles F. Forsyth*, of Erie, argued the cause, and *Paul Armstrong*, of Columbus, was with him on the briefs for the appellants.

*Keeth R. Jones*, county attorney, argued the cause, and *William Ferguson*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's order denying the separate applications of the three defendants for the issuance of a writ of habeas corpus in which defendants contend they were bound over to the district court for trial from their preliminary hearing even though their arrest was illegal and the evidence obtained through search and seizure as a result of such illegal arrest was wrongfully obtained and inadmissible, and finally, that no probable cause existed for leading the officers to believe a crime had been committed which would make the arrest legal.

The only defendant with which we are presently concerned in this appeal is James Earley but for clarity we shall mention all three defendants in our discussion.

About two or three weeks prior to September 24, 1962, Ray Emmons was sent to Crawford county by the Kansas Bureau of Investigation for the purpose of assisting local police officers in checking frequent nighttime burglaries in that county. At 10:00 p. m. on September 24, 1962, while patrolling the city of Girard, Emmons heard a police radio transmission that an open window had been discovered in the Girard High School. However, a later report informed him that the janitor had closed the window and everything at the school building appeared to be in order.

Around midnight Emmons parked his car about one-third of a block south of Kansas highway 57 facing north up a residential street which ran one block west of the Girard High School. He heard a dog barking in the schoolhouse area and shortly thereafter he saw three men appear from a vacant lot adjoining the schoolhouse. They walked down the middle of the street, got into a car parked in the middle of the block, started the car, drove down the residential street toward him, and then turned and proceeded west on highway 57 which runs east and west.

When defendants' car approached Emmons, he started his car and turned in pursuit. As his car swung in behind defendants' car, his headlights picked up the figure of James Earley in the back seat. Earley, a resident of Neodesha, Kansas, was a known felon and a burglary suspect in southeast Kansas. Emmons stopped defendants' car for the purpose of questioning them but before he could reach their car, John Finley jumped out of the driver's seat and met Emmons between the cars. Emmons recognized Finley because he had just recently testified in an Allen county trial wherein Finley

had been acquitted of a charge of burglarizing a schoolhouse. Emmons knew Finley had no driver's license, that he was a resident of Erie, Kansas, had a felony record including burglary, and was also a burglary suspect in southeast Kansas. *Finley stated to Emmons he had never been off highway 57.*

The occupant of the right front seat of defendants' car came up and identified himself as Glenn Denney, the third defendant, who Emmons recognized from pictures and from his knowledge of Denny's criminal record. Emmons knew Denny was presently on parole from a burglary conviction in Montana and was a burglary suspect in southeast Kansas.

Emmons went to the right side of defendants' car to see what had become of Early and saw a .45 automatic lying directly below the right front door of the car. The shoes and trousers of all three defendants were wet as though defendants had been wading through wet grass. There had been a heavy dew.

The Crawford county sheriff arrived on the scene and the officers "frisked" the defendants, the sheriff handcuffed them, and they took them to the Crawford county jail. Defendants were then arrested for investigation of burglary. The automobile was searched and screwdrivers, a nail bar, a tire tool, a shop cap, a flashlight, and several pairs of brown cotton gloves were found therein.

Emmons went directly to the Girard High School where he found that doors and windows had been forced open although nothing had been taken. A later examination of the tools and gloves in the laboratory of the Kansas Bureau of Investigation at Topeka revealed that marks and paint on the tools and gloves were similar to marks and paint on the school building. The tools matched the markings on the windows and doors perfectly.

These defendants have not been tried in the district court. They have merely been bound over as a result of a preliminary hearing for trial in the district court.

Defendants filed their separate and independent applications for the issuance of a writ of habeas corpus in the district court of Crawford county, and upon that court's order denying the issuance of such writs, appeals were perfected to this court from the orders of denial raising the following questions: (1) Were tools taken from the car admissible in evidence against defendants, or was such evidence barred because it was obtained by illegal search and seizure and (2) considering all the competent evidence at the preliminary

hearing as being admissible, is there any probable cause to believe the defendants committed the crime of burglary charged in the complaint?

For purposes of emphasis, we again state this appeal involves only the preliminary hearing, and not the trial of defendants, and what is stated herein is not intended to control admissibility of evidence in any trial resulting from such preliminary hearing.

This court has already pronounced definite rules in regard to preliminary hearings. In *Kelly v. Kurtz*, 183 Kan. 684, 331 P. 2d 327, it was said:

"On appeal from the judgment of a district court in a habeas corpus proceeding it is not the province of this court to review errors claimed, by one of the parties, to have been committed by a magistrate in the course of a preliminary examination." (p. 687.)

In *McIntyre v. Sands*, 128 Kan. 521, 278 Pac. 761, the rules were stated thus:

"The main purpose of a preliminary examination of one accused of crime it to determine that a crime has been committed and to give him general information of the nature of the crime charged, and apprise him of the sort of evidence he will be required to meet when he is subjected to a final prosecution in the district court.

"It is not necessary that there should be the same formality or strict compliance with procedure and the rules of evidence in a preliminary examination as upon the final trial of the accused." (Syl. ¶ 1, 2.)

In the opinion in the above case we find a further statement concerning procedure in a preliminary hearing:

"And where an attempt has been made to give an accused a preliminary examination and he has been given reasonable notice, by the papers and proceedings in the case, of the nature and character of the offense charged, the examination has served its principal purpose and is ordinarily regarded as sufficient. [Citations]." (pp. 522, 523.)

The McIntyre case has been cited and adhered to in many of our subsequent cases, and more particularly, in *State v. Willhite*, 161 Kan. 113, 115-117, 166 P. 2d 562; *State v. Rangel*, 169 Kan. 194, 195-196, 217 P. 2d 1063. As was stated in *In re Merrifield*, 175 Kan. 889, 267 P. 2d 465, this court has definitely determined that a preliminary hearing and the examination therein is not a trial as the term *trial* is ordinarily used. It was there held:

"A preliminary examination is not a trial as that term is ordinarily used. The complaint and warrant used in a preliminary examination are not construed with the strictness of papers filed in the district court such as an information." (Syl. ¶ 1.)

We are not unmindful of the authorities cited by the parties in this case dealing with the trials of defendants charged with felonies but it is neither the duty nor the prerogative of this court in an appeal in a habeas corpus proceeding after a preliminary hearing to decide whether pleadings or evidence in an ensuing trial will have to meet certain standards, and for that reason we have particularly emphasized that we are here considering only the preliminary hearing of these defendants and the pleadings and evidence there presented.

Judgment affirmed.