No. 48,048

Olathe Ready-Mix Co., Inc., *Appellee* (*Plaintiff*), v. Gary Frazier, Gary's Construction and Kansas Utilities, Inc., *Appellants* (*Defendants*).

(556 P. 2d 198)

Opinion filed November 6, 1976.

*Gregory T. Millert,* of Soden, Eisenbrandt and Isenhour, of Mission, argued the cause, and *Dennis W. Moore,* of the same firm, was with him on the brief for the appellant.

*Thomas E. Ruzicka,* of Breyfogle, Gardner, Martin, Davis and Kreamer, of Olathe, argued the cause, and *John J. Phillips,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is an action brought by the plaintiff, Olathe Ready-Mix Company, Inc., on an open account, arising from the sale of ready-mix concrete to the defendant, Gary Frazier. The trial court entered judgment in favor of plaintiff against Gary Frazier in the amount of $5,034.32 and Gary Frazier has appealed.

The sole point raised on appeal is that the trial court erred in admitting into evidence certain of plaintiff's business records without identification by their custodian. At the trial Lewis Thompson, an employee of plaintiff in charge of business accounts, identified certain records as invoices on shipments of concrete made from plaintiff to defendant. Defendant objected to their admission on the ground that Thompson was not the custodian, since he had to obtain them from plaintiff's bookkeeper.

The admission into evidence of business records falls within the exception to the hearsay rule governed by K. S. A. 60-460 (*m*) which provides for the admission of "writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that they were made in the

regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness". 60-460 (*m*) does not require that the custodian of records identify them. The foundation facts may be proved by any relevant evidence and the person making the entries in the records need not be called to authenticate them if they can be identified by someone else who is qualified by knowledge of the facts. (Gard, Kansas Code of Civil Procedure, § 60-460 [*m*], p. 483.) The policy of this section is to leave it up to the trial court to determine whether the sources of information, method, and time of preparation reflect trustworthiness. (*State v. Beasley*, 205 Kan. 253, 469 P. 2d 453.)

Though not specified in the statement of points, defendant alternatively argues that Mr. Thompson was not qualified to testify as to the foundation facts in this case. A reading of the record negates this contention. Thompson testified he had access to all invoices and that he was in charge of, and partially responsible for, preparing the bills with the bookkeeper. He readily identified the exhibits as invoices on shipments made from plaintiff to defendant. The defendant has failed to show that the trial court abused its discretion in the admission of these records.

The judgment of the trial court is affirmed.