(588 P.2d 957)

No. 50,114

STATE OF KANSAS, *Appellee,* v. DONALD WILLIAM GUHL, *Appellant.*

Opinion filed January 12, 1979.

*L. Franklin Taylor II* and *David J. Waxse* of Payne & Jones, Chartered, of Olathe, for the appellant.

*Blair Watson,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, for the appellee.

Before FOTH, C.J., REES and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from a probation revocation. At the hearing evidence in the nature of a "written notification" from a referral agency (Odyssey Institute in New York) was admitted over the defendant's objection. On appeal, the defendant alleges it was error to admit the letter, and for that reason the order revoking his probation should be set aside.

The defendant had been placed on probation for a term of two years upon the condition that he attend a drug rehabilitation program. The rehabilitation program was provided by Odyssey Institute, Inc., located in New York City, New York. The program provided for inpatient treatment for a period of eighteen to twenty-four months.

Testimony at the hearing indicated that probation was granted and defendant started the program in October of 1977; a bench warrant was issued for probation violation by the Johnson County authorities on the 1st of March, 1978; defendant was

arrested in Johnson County on the bench warrant; and the revocation hearing was conducted May 1, 1978.

The trial court admitted into evidence over the objection of the defendant the following letter:

"Odyssey Institute, Inc.
309-311 East 6th Street,
New York, New York, 10003
(212) 741-9597

02/06, 1978

Ms. Chris Rosborough
Johnson County Court House
Olathe, Kansas

Re: Donald Guhl

Dear Ms. Rosborough

This letter is to inform you that the above captioned who was inducted into Odyssey House on 10/03/77, 1977 [sic] left the program against medical advice on 02/04, 1978.

If you have any further questions or I can be of any further service please do not hesitate to contact me at any time.

Sincerely,
/s/ Aaron Fuchs
Aaron Fuchs
Administrator of Admissions"

The letter was admitted as a business record of the Johnson County probation department. The trial court reasoned that the New York agency was an arm of the probation department, a situation similar to that of *In re Estate of Bernatzki,* 204 Kan. 131, 460 P.2d 527 (1969).

We find the defendant's objection to the evidence is valid. It does not come within any exception to the hearsay rule as set out in K.S.A. 60-460. In order to bring hearsay evidence within the business records exception of K.S.A. 60-460(*m*), a witness who can identify the report and explain methods and procedures used in its production must testify, establishing that the records were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which the records were made and the method of preparation indicate their trustworthiness. *State v. Foster,* 198 Kan. 52, 53, 54, 422 P.2d 964 (1967).

We recognize it is not always necessary to have the individual who actually *made* the record lay the foundation. *E.g.,* see *State v. Martin,* 223 Kan. 78, 573 P.2d 576 (1977); *Olathe Ready-Mix Co., Inc. v. Frazier,* 220 Kan. 646, 556 P.2d 198 (1976); *State v.*

*Newman,* 213 Kan. 178, 515 P.2d 814 (1973); *State v. Beasley,* 205 Kan. 253, 469 P.2d 453 (1970). In all of the cases cited above, however, someone who was a member of the organization which made the record laid the foundation for the admission of the record. The situation is clearly distinguishable from that of *In re Estate of Bernatzki,* 204 Kan. 131. In *Bernatzki,* the warden of the Kansas Penitentiary was permitted to identify records made at the Kansas Reception and Diagnostic Center, which was found to be a branch of the penitentiary. Odyssey Institute clearly is not a branch of the Johnson County probation office: the probation office has no control over Odyssey's policies, methods of treatment, etc. To expand *Bernatzki* to cover this situation would, for practical purposes, eliminate the foundation requirements for admissibility under K.S.A. 60-460(*m*).

We find the following line of cases to be persuasive. In each, it was held that a purported business record, made by a third party and sent to the identifying business in the regular course of its business and maintained in its files, was inadmissible for lack of proper foundation: *In re Harris,* 218 Kan. 625, 544 P.2d 1403 (1976) (letters); *State v. Foster,* 198 Kan. 52 (blood alcohol report); *United States v. Berkowitz,* 429 F.2d 921 (1st Cir. 1970) (invoices); *Phillips v. United States,* 356 F.2d 297 (9th Cir. 1965) (letters); *Carroll v. United States,* 326 F.2d 72 (9th Cir. 1963) (letter).

The State argues that, as a matter of policy, this court should affirm the trial court's decision to admit the letter, because otherwise it will be nearly impossible for Kansas probation officers to send a probationer out of the state for treatment. We do not find this argument persuasive. The statute governing probation revocation, K.S.A. 22-3716, provides a way to bring in written documents which would not otherwise be admissible: they are admissible so long as they are relevant and *made under oath.* The State failed to take advantage of this provision, and this court will not relax the hearsay rules to enlarge upon the legislatively created method of dealing with the problem.

The next question to be decided is: was there sufficient evidence presented by the State to sustain the finding that the defendant had violated the condition of his probation, *i.e.,* completion of the drug treatment program at Odyssey Institute, Inc.?

We think there was. The evidence is unrefuted that in March of

1978, the defendant was arrested in Johnson County and taken into custody. The program for treatment as required for probation was a minimum of eighteen months and a maximum of twenty-four months, and defendant commenced the program in October of 1977. There was some testimony presented which was conflicting and that dealt with the type of program in which defendant was enrolled, whether adolescent or adult. This does not appear to materially affect the results of this case, because nothing would indicate that the defendant's presence in Johnson County was authorized or possible under either program.

Defendant's presence in Johnson County when arrested on the bench warrant was evidence that constituted prima facie proof of the defendant's violation of a condition of his release on probation. Defendant had the burden of coming forward with evidence to meet and overcome this prima facie proof. Defendant failed to sustain this burden, *i.e.*, he failed to present evidence explaining his presence in Johnson County and showing it was not contrary to the release condition. Since there was evidence of the violation of the condition independent of the hearsay evidence, admission of the hearsay evidence was not prejudicial.

Judgment is affirmed.