(666 P.2d 1200)
No. 54,432

STATE OF KANSAS, *Appellee*, v. JACK B. CREMER, *Appellant*.

Opinion filed July 28, 1983.

*Michael L. Harris*, of Topeka, for the appellant.

*Sue Carpenter*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: Defendant Jack Cremer appeals his jury conviction of felony theft (K.S.A. 21-3701) claiming that the trial court improperly overruled his motion to dismiss (K.S.A. 22-3208) which challenged the sufficiency of the preliminary hearing.

Defendant was employed as the manager of a Quality Oil Company station in Topeka. On Monday, September 17, 1979, defendant's supervisor, Verlon Cooper, received a call informing him that defendant had failed to open the service station for business. Cooper checked the company's account at the Southwest State Bank and was informed that deposits for the weekend's business had not been made. Virginia Pence, the company's comptroller, testified that after she learned of defendant's unauthorized absence, she requested bank statements from the bank. Defense counsel objected to the introduction of Mr. Cooper's testimony and the bank statements as hearsay, but the objections were overruled. The trial court found probable cause and bound the defendant over for trial.

Defendant subsequently filed a motion to dismiss which preserved the right to challenge the sufficiency of the preliminary hearing. K.S.A. 22-3208; *State v. Weigel*, 228 Kan. 194, Syl. ¶¶ 11, 12, 612 P.2d 636 (1980). Defendant contends that the finding of probable cause was based on inadmissible hearsay evidence and that, if the hearsay evidence had been excluded, there would have been insufficient evidence to bind him over for trial. In overruling defendant's motion to dismiss, the trial court held that the evidence was properly admitted and that in any event, strict

adherence to the rules of evidence is not required at a preliminary hearing.

We first consider whether the hearsay evidence was admissible because it fell within the statutory exception of K.S.A. 60-460(m), business records, or K.S.A. 60-460(n), absence of entries in business records. K.S.A. 60-460(m) provides that evidence otherwise inadmissible as hearsay is admissible if it consists of the following:

"Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness."

The bank statements offered here were made within the regular course of the bank's business but no representative of the bank was present to testify concerning their preparation.

In *State v. Guhl,* 3 Kan. App. 2d 59, 60, 588 P.2d 957, *rev. denied* 225 Kan. 846 (1979), this court stated:

"In order to bring hearsay evidence within the business records exception of K.S.A. 60-460(m), a witness who can identify the report *and explain methods and procedures used in its production* must testify, establishing that the records were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which the records were made and *the method of preparation indicate their trustworthiness."* [Emphasis added.]

The *Guhl* court distinguished the authority relied on by the State. *Olathe Ready-Mix Co., Inc. v. Frazier,* 220 Kan. 646, 556 P.2d 198 (1976) and *State v. Beasley,* 205 Kan. 253, 469 P.2d 453 (1970). The court noted that in those cases "someone who was a member of the organization which made the record laid the foundation for the admission of the record." The court also held that "a purported business record, made by a third party and sent to the identifying business in the regular course of its business and maintained in its files," is inadmissible for lack of proper foundation. *Guhl,* 3 Kan. App. 2d at 61; and cases cited therein. Without foundation testimony from a representative of the bank generating the record, Mr. Cremer was precluded from inquiring into the possibility of an error on the part of the bank. Thus, the court's reliance upon K.S.A. 60-460(m) was in error.

The hearsay exception found in K.S.A. 60-460(n), which the trial court also cited in overruling defendant's motion to dismiss,

likewise does not apply. K.S.A. 60-460($n$) permits the admission of the following:

"Evidence of the absence of a memorandum or record from the memoranda or records of a business of an asserted act, event or condition, to prove the non-occurrence of the act or event, or the nonexistence of the condition, if the judge finds that it was the regular course of that business to make such memoranda of all such acts, events or conditions at the time thereof or within a reasonable time thereafter, and to preserve them."

It is clear from the reading of this statute that its focus is upon the business making the memorandum or record, which in this case is the bank. Since no foundation was laid concerning the record-keeping practices of the bank, we conclude that the testimony of Mr. Cooper and the bank statements were hearsay evidence which did not fall within the exceptions of either K.S.A. 60-460($m$) or K.S.A. 60-460($n$).

We must next consider whether the hearsay evidence, although technically inadmissible, could be considered in determining the limited issues pertinent in a preliminary examination.

The purpose of the preliminary examination is not to determine the guilt or innocence of the accused; the magistrate need only decide whether a crime has been committed and whether there is probable cause to believe that the accused committed it. *State v. Ramsey,* 228 Kan. 127, 131, 612 P.2d 603 (1980). In such a proceeding, the rules of evidence have typically been relaxed and hearsay has been held to be permissible. See, *e.g., People v. Williams,* 628 P.2d 1011, 1014 (Colo. 1981); *Gannett Pacific Corp. v. Richardson,* 59 Hawaii 224, 231-32, 580 P.2d 49 (1978). This rule has been the law of Kansas since *McIntyre v. Sands,* 128 Kan. 521, Syl. ¶ 2, 278 Pac. 761 (1929), stated: "It is not necessary that there should be the same formality or the strict compliance with procedure and the rules of evidence in a preliminary examination as upon the final trial of the accused." See also *State v. James Earley,* 192 Kan. 167, 170, 386 P.2d 189 (1963).

On January 1, 1964, the comprehensive codification of our code of civil procedure including the rules of evidence went into effect. Included within this enactment was K.S.A. 60-402 which provides that "[e]xcept to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation, the rules set forth in this article shall apply in

every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced." There is no specific provision included in the statute which currently defines the parameters of a preliminary examination, K.S.A. 22-2902, referring to a relaxation of the rules of evidence. Thus, it may be argued that the rule of *McIntyre* is no longer the law in this state. However, our Supreme Court in *Thompson v. General Finance Co., Inc.*, 205 Kan. 76, 95, 468 P.2d 269 (1970), which was decided six years after the enactment of K.S.A. 60-402, approvingly referred to *McIntyre.* In addition, although there is a general presumption that a change or amendment of a statute results from a legislative purpose to change its effect, this presumption may be strong or weak according to the circumstances, and may be wanting altogether in a particular case. The presumption is fairly strong in the case of an isolated, independent amendment, but is of little force in the case of amendments adopted in a general revision or codification of the law. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 736, 648 P.2d 1143 (1982). Thus, we cannot conclude that the expansive language of K.S.A. 60-402 which was enacted as one small part of a major codification of the law of procedure, was intended to prevail over existing case law concerning the rules of evidence in a preliminary examination.

A preliminary examination, like the inquiry made by a magistrate before issuing an arrest or search warrant, is concerned with probabilities—not guilt. Hearsay statements in an affidavit may be relied upon in issuing a search or arrest warrant so long as the affidavit includes sufficient affirmative allegations of fact as to the affiant's personal knowledge to allow the magistrate to rationally reach an independent decision. *State v. Marks,* 231 Kan. 645, 647, 647 P.2d 1292 (1982). We conclude that a similar rule is still appropriate for preliminary examinations. Therefore, so long as there is a substantial basis for crediting the hearsay, it may be relied upon and form the basis for a probable cause finding in a preliminary hearing.

In this case, there was reason to believe that in all probability the bank statements and information repeated by Mr. Cooper were accurate and reliable even though hearsay. We conclude that the trial court did not err in permitting admission of these exhibits in the preliminary examination.

Affirmed.