No. 54,432

STATE OF KANSAS, *Appellee*, v. JACK B. CREMER, *Appellant*.

(676 P.2d 59)

Opinion filed January 13, 1984.

*Michael L. Harris*, of Topeka, argued the cause and was on the brief for the appellant.

*Sue Carpenter*, assistant district attorney, argued the cause, and *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant, Jack B. Cremer, following a jury conviction of felony theft (K.S.A. 21-3701). The only point raised by defendant on the appeal is that the trial court erred in failing to sustain defendant's motion to dismiss made prior to trial. The motion was based on defendant's

contention that the State's evidence at the preliminary hearing was insufficient to show probable cause to hold the defendant for trial. The Court of Appeals affirmed the conviction in a published opinion, *State v. Cremer*, 8 Kan. App. 2d 699, 666 P.2d 1200 (1983). The supreme court granted defendant's petition for review.

The evidence presented at the preliminary hearing, when considered in a light most favorable to the prosecution, was essentially as follows: Defendant Cremer was manager of a filling station owned by the Quality Oil Company located at 21st and Moundview in Topeka. On September 17, 1979, defendant's supervisor, Verlon Cooper, was called by other employees of the filling station and advised that Cremer had not opened the station for business. Cooper went to the station and opened it. Cremer never, thereafter, returned to the station. He went to Florida and did not return to Topeka until arrested on the warrant in this case. Cremer, as manager, was responsible for making a daily report on gasoline sold and money taken in for each day. Cooper testified that he found daily report forms at the Moundview station covering sales of gasoline for September 14, 15, and 16, 1979. Each of the daily reports was signed by defendant Cremer. These reports showed that the business done at the station for those three days totaled approximately $9,000. No money was found at the station. Cooper testified that he had checked the Quality Oil Company account at Southwest State Bank and determined that Cremer had not deposited the receipts for the three-day period. Defendant objected to this testimony on the grounds of hearsay. The court overruled the objection.

Another prosecution witness at the preliminary hearing was Virginia Pence, Quality Oil's comptroller and vice president. She was in charge of and responsible for all of the financial records of the company. She testified that station managers are authorized to do nothing with the money collected at the stations other than to deposit it in a checking account. She testified that approximately $9,000 from the receipts of the station at 21st and Moundview managed by the defendant was missing and that the bank deposits for the three days prior to defendant's disappearance were never made. She further testified that she knew and recognized the defendant's signature on the three daily reports in question. She related the procedure used by the company in

handling the daily receipts. The manager is required to make deposits of receipts at Southwest State Bank. Then the manager is to advise the business office as to the deposits by mail or personal delivery of the deposit slips. Employees of the office verify the deposit slips, check the deposits for error, and send them on to the computer room. The deposits are entered into the computer and then the deposit slips are placed in the company's files. Ms. Pence, as comptroller of the company, supervises the making and keeping of business records. She identified three exhibits as bank statements received from the Southwest State Bank which show deposits made to Quality Oil's account during the month of September 1979. The bank statements showed deposits for all days' receipts except for September 14, 15, and 16.

When Ms. Pence suspected the cash receipts for September 14, 15, and 16 had not been accounted for, she requested the bank statements to verify the deposits which confirmed that no deposits had been made on September 14, 15, or 16. She testified that the bank statements are records received in the normal course of business. Defense counsel objected to the admission of the bank statements on the basis that they were hearsay. At the close of the preliminary hearing, defendant's counsel moved to dismiss, pursuant to K.S.A. 22-3208, on the basis that the admissible evidence presented at the preliminary hearing was not sufficient to show probable cause. The court found probable cause and bound defendant over for trial.

Defendant subsequently filed a motion to dismiss with the trial court, pursuant to K.S.A. 22-3208. Defendant contended, in substance, that the finding of probable cause at the preliminary hearing was based on inadmissible hearsay and, if the hearsay evidence had been excluded from consideration, there would be insufficient evidence to bind defendant over for trial. The trial court held that the bank statements were properly admitted at the preliminary hearing and that, in any event, strict adherence to the rules of evidence is not required at a preliminary hearing. The case then proceeded to trial by jury and defendant was convicted of felony theft. Defendant appealed, claiming that the trial court improperly overruled his motion to dismiss.

The Court of Appeals held that the bank statements introduced at the preliminary hearing were inadmissible and not within the

statutory exceptions to the hearsay rule found at K.S.A. 60-460(m), business records, or K.S.A. 60-460(n) absence of entries in business records. The Court of Appeals reasoned that, although the bank statements admitted were made in the regular course of the bank's business, they could not be admitted because no representative of the bank was present to testify as to their preparation. In arriving at that conclusion, the court relied on *State v. Guhl,* 3 Kan. App. 2d 59, 588 P.2d 957, *rev. denied* 225 Kan. 846 (1979).

The Court of Appeals then considered the question whether the hearsay evidence, although technically inadmissible at trial, could be admitted and considered in determining probable cause at a preliminary examination. The opinion noted that the rules of evidence have traditionally been relaxed at a preliminary hearing and hearsay has been held to be permissible. It relied on Syllabus ¶ 2 of *McIntyre v. Sands,* 128 Kan. 521, 278 Pac. 761 (1929), which states as follows:

"It is not necessary that there should be the same formality or strict compliance with procedure and the rules of evidence in a preliminary examination as upon the final trial of the accused."

The Court of Appeals noted a possible conflict between this holding in *McIntyre* and K.S.A. 60-402 which provides:

"60-402. **Scope of rules.** Except to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation, the *rules set forth in this article shall apply in every proceeding, both criminal and civil, conducted by* or under the supervision of *a court, in which evidence is produced.*" (Emphasis supplied.)

The Court of Appeals rejected defendant's contention that the language of K.S.A. 60-402, effective January 1, 1964, was intended by the legislature to prevail over existing case law concerning the rules of evidence to be applied in a preliminary examination. The Court of Appeals then held that, so long as there is a substantial basis for crediting the hearsay, it may be relied upon and form the basis for a probable cause finding in a preliminary hearing. The Court reasoned that, in all probability, the bank statements and evidence given by the witnesses were accurate and reliable even though hearsay. It concluded that the trial court did not err in the admission of this evidence at the preliminary examination. We granted the defendant's petition for review in order to resolve the uncertainty in the law of this

state as to the application of the rules of evidence to a preliminary examination in a felony case.

As noted above, the basic issue in the case is whether the trial court erred in denying defendant's motion to dismiss prior to trial on the basis that the evidence presented by the prosecution at the preliminary hearing was not sufficient to show probable cause. There are two questions which we must consider in determining this issue: (1) To what extent may inadmissible hearsay be relied upon and form the basis for a finding of probable cause at a preliminary hearing held pursuant to K.S.A. 22-2902? and (2) Was the State's evidence presented at the preliminary hearing relating to the bank records admissible and to be considered as a basis for the court's probable cause finding? We will consider each of these questions separately.

For many years prior to the adoption of the Kansas Code of Criminal Procedure in 1970, it was the recognized rule in this state that it is not necessary there should be the same formality or strict compliance with procedure and the rules of evidence in a preliminary examination as upon the final trial of the accused. The following cases support this proposition: *Redmond v. State,* 12 Kan. \*172 (1873); *State v. Bailey,* 32 Kan. 83, 3 Pac. 769 (1884); *McIntyre v. Sands,* 128 Kan. 521; *State v. Willhite,* 161 Kan. 113, 166 P.2d 562 (1946); *State v. Earley,* 192 Kan. 167, 386 P.2d 189 (1963). The rule was required because, during the early years of our judicial history, criminal preliminary proceedings were generally heard by untrained justices of the peace, judges not learned in the law, who were without knowledge and understanding of the rules of evidence. In this judicial environment, a strict compliance with the rules of evidence followed by district judges in the trial of a felony case could not reasonably be expected. For that reason, the Supreme Court at an early date adopted the principle that it was not necessary that the same strict rules of evidence be applied in a preliminary examination as at the final trial of the accused.

In 1963, the legislature enacted the Kansas Code of Civil Procedure (K.S.A. 60-101 *et seq.*). K.S.A. 60-402, which is set forth above, provides in substance that the evidentiary rules set forth in the code shall apply in every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced. It cannot be denied that a prelimi-

nary examination in a criminal case is a proceeding conducted by or under the supervision of a court in which evidence is produced. Since the enactment of K.S.A. 60-402, this court has stated that the statutory rules of evidence are designed to have application in *every* proceeding both criminal and civil conducted by or under the supervision of a court, in which evidence is produced, except to the extent that they may be relaxed by other procedural rule or statute applicable to a specific situation. *State v. Wright,* 194 Kan. 271, 398 P.2d 339 (1965); and *State v. Darling,* 197 Kan. 471, 477, 419 P.2d 836 (1966). It must be noted, however, that following the enactment of the rules of civil procedure, the supreme court in *Thompson v. General Finance Co., Inc.,* 205 Kan. 76, 468 P.2d 269 (1970), at page 95, quoted *McIntyre v. Sands,* 128 Kan. at 523, to the effect that it is not necessary that there should be the same formality or the strict compliance with procedure and rules of evidence in a preliminary examination as upon the final trial of the accused. *Thompson* involved a civil action for malicious prosecution and false arrest and the issue as to the application of the rules of evidence to a preliminary hearing was not directly before the court in a criminal case.

In a recent decision of this court, *State v. Jones,* 233 Kan. 170, 660 P.2d 965 (1983), Justice Lockett discussed in some depth the nature and purpose of a preliminary examination and stated on page 172 of the opinion that, "The quality of the evidence to obtain the complaint/information is no longer sufficient during the preliminary examination. Only evidence admissible in the trial of the defendant is to be considered by the magistrate." Later in *State v. Sherry,* 233 Kan. 920, 667 P.2d 367 (1983), where the issue involved was the admissibility of the report of a forensic examiner under K.S.A. 1982 Supp. 22-2902a, the court quoted from *State v. Jones* and on page 929 stated that, "Only evidence admissible in the trial of the defendant is to be considered by the magistrate." However, it was not until the opinion of the Court of Appeals in this case that the question of the application of K.S.A. 60-402 to a preliminary examination was directly presented to an appellate court.

After considering all of the authorities cited above and the clear and unequivocal language of K.S.A. 60-402, we have concluded that the rules of evidence contained in the Kansas Code

of Civil Procedure (K.S.A. 60-401 *et seq.*) are to be applied in a preliminary examination conducted pursuant to K.S.A. 22-2902, except to the extent they may be relaxed by other court rules or statutes applicable to a specific situation. Counsel have not directed our attention to any procedural rule or statute which would have the effect of making the rules of civil procedure inapplicable to a preliminary hearing in a criminal case. In reaching this conclusion, we have also considered the great advancement in the capability and expertise of the magistrates who customarily conduct preliminary hearings in criminal cases today. The office of justice of the peace has been abolished. In Kansas today in every judicial district we have district judges and associate district judges, qualified in the law, and nonlawyer district magistrate judges in our more sparsely populated areas. In recent years, training programs have been instituted in this state on a statewide basis for the nonlawyer magistrate judges. They are well attended and well received, particularly by those magistrates new at their jobs. Magistrates who are not attorneys are required to take and pass an examination on the law and be certified by the supreme court as qualified before they may sit as such. We believe that today the judges in Kansas who conduct preliminary examinations are in a position where they can apply the statutory rules of evidence without great difficulty.

We also think it important that, since the old rule was adopted, there have been great changes in the concept of due process of law. Today preliminary examinations are conducted in a way to insure that both the rights of the State and the rights of the accused are protected. The application of the Kansas rules of evidence in a preliminary examination will help to accomplish that result. We hold that the rules of evidence under the Kansas Code of Civil Procedure set forth in K.S.A. 60-401 *et seq.* are to be applied in a preliminary hearing in a criminal case. We find that the Court of Appeals was in error in this case in holding that the court which conducted the preliminary hearing of the defendant was not required to apply the rules of evidence pertaining to hearsay evidence.

We turn now to the question whether the court erred at the preliminary hearing in admitting and considering on the issue of probable cause the State's evidence relating to the bank records which showed that defendant Cremer had not deposited at the

bank the receipts of the filling station in the amount of approximately $9,000. The issue squarely presented is whether or not the bank records discussed above were admissible under the exceptions to the hearsay rule contained in K.S.A. 60-460(*m*) and 60-460(*n*) which provide as follows:

"(*m*) **Business entries and the like.** Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness;

"(*n*) **Absence of entry in business records.** Evidence of the absence of a memorandum or record from the memoranda or records of a business of an asserted act, event or condition, to prove the nonoccurrence of the act or event, or the nonexistence of the condition, if the judge finds that it was the regular course of that business to make such memoranda of all such acts, events or conditions at the time thereof or within a reasonable time thereafter and to preserve them."

As noted above, the Court of Appeals held that the bank records showing an absence of deposit of money by the defendant were not admissible at the preliminary hearing, because the prosecution failed to lay a foundation concerning the record keeping process at the Southwest State Bank. We have concluded that the court at the preliminary examination ruled correctly in admitting the bank's statements under K.S.A. 60-460(*m*) and (*n*) and that the Court of Appeals was in error in ruling to the contrary. In *Olathe Ready-Mix Co., Inc. v. Frazier,* 220 Kan. 646, 556 P.2d 198 (1976), it was held that K.S.A. 60-460(*m*) does not require that the custodian of business records be called to lay the foundation facts for their admission into evidence. The foundation facts may be proved by any relevant evidence and the person making the entries in the records need not be called to authenticate them if they can be identified by someone else who is qualified by knowledge of the facts. The policy of this section is to leave it up to the trial court to determine whether the sources of information, method, and time of preparation reflect trustworthiness. (*State v. Beasley,* 205 Kan. 253, 469 P.2d 453 [1970], *cert. denied* 401 U.S. 919 [1971].)

In this case, the evidence was undisputed that daily report forms were found at the filling station which showed receipts from the sale of gasoline for September 14, 15, and 16, 1979, in the amount of approximately $9,000. No money was found at the station. Each of these daily reports was signed by the defendant

Cremer and thus was evidence to show that the defendant had in his possession funds of Quality Oil Company in that amount on September 17, 1979. A search was immediately begun to determine whether or not the money had been paid over or deposited in the Quality Oil Company account at Southwest State Bank. Virginia Pence, Quality Oil's comptroller, who was in charge of and responsible for all of the financial records of the company, testified without equivocation that the $9,000 was missing and that bank deposits for the three days' receipts were never made. She testified that the normal procedure was for employees of the office to verify any deposit slips and deliver them to the computer room where the records are entered into the computer. Ms. Pence, as comptroller, supervised the making and keeping of the business records. The reasonable inference from her testimony is that she found no deposit slips or any other records in the files of the company to show what happened to the money. She requested bank statements from Southwest State Bank to determine if the bank records showed any deposits had been made. These statements showed clearly that no deposits had been made on September 14, 15, or 16, 1979, and thus the $9,000 was not accounted for. These bank statements were made and received in the regular course of a business at or about the time of the act, conduct or event recorded. It was up to the court at the preliminary hearing to determine whether the sources of information from which they were made and the method and circumstances of their preparation were such as to indicate their trustworthiness. It cannot be denied that the entries contained in bank statements are generated by the owner of the account. Bank statements are relied on every day in the business world to verify the account owner's financial transactions. We have no hesitancy in holding that bank statements made in the regular course of business and presented to the owner of the account as a record of account transactions are a trustworthy source of information and may be admitted under K.S.A. 60-460($m$) as a part of the financial records of the owner of the account.

We also have concluded that K.S.A. 60-460($n$), pertaining to the absence of entries in business records, is applicable in this case. The offense in this case was committed in Topeka on or about September 17, 1979. The defendant departed from the city and a complaint was filed on September 21, 1979. The sheriff

had difficulty in locating the defendant but was finally able to do so, and a warrant for his arrest was served in October of 1981. The preliminary examination was held on January 26, 1982, more than two years after the money disappeared. The comptroller of the company testified, in substance, that the missing money had never been discovered or accounted for. If a deposit of the money had been made by the defendant, the business office of Quality Oil in the regular course of business would have made a record of the deposit or receipt of the $9,000 and would have preserved the record in its files. The fact that there was an absence of such an entry in the records of Quality Oil would be competent evidence under K.S.A. 60-460(n) to show that no deposit was made. We hold that the trial court did not err in holding that the evidence presented at the preliminary hearing was sufficient to show probable cause that the crime of felony theft had been committed and that defendant Cremer had committed the crime. The court was justified in binding the defendant over for trial on the charge of felony theft.

We affirm the judgment of the district court. The judgment of the Court of Appeals is also affirmed, although not for the reasons stated by the Court of Appeals in its published opinion.

MILLER, J., concurring: I concur in the result reached by the majority in this case, but I disagree with the conclusion of the majority that the Rules of Evidence, K.S.A. 60-401 *et seq.*, must be scrupulously applied in a preliminary examination. Even in cases where an accused is provided with an error-free trial, and is convicted upon overwhelming evidence of the most heinous crimes, we now open the door to reversal and new trial if the committing magistrate is later found to have deviated one whit from the Rules of Evidence during the preliminary examination.

A preliminary examination is not a trial. Its primary purpose is to determine whether an accused should be *held* for trial. The initial determination of whether to issue an arrest warrant may be made upon reliable hearsay, and I see no reason why that should not be the standard for preliminary examinations.

We have some eighty nonlawyer district magistrate judges in Kansas. These are fine, conscientious people, and an asset to the Kansas judicial system; but they have but minimal legal training. We do give them instruction, provide them with manuals and—

as the majority noted—we require all new district magistrate judges to take and pass an examination on the law and be certified as qualified before they may continue to serve. They have, at most, one or two hours of instruction on the laws of evidence. The majority believes that the magistrates "can apply the statutory rules of evidence without great difficulty."

Lawyers, on the other hand, spend perhaps five hours a week on the subject of evidence during one or two semesters in law school, plus outside reading and study. This case illustrates that even lawyers cannot apply the Rules of Evidence "without great difficulty." The trial judge—a lawyer—held the evidence admissible. The three-judge panel of the Court of Appeals—all lawyers—held it inadmissible. Seven justices of this court—all lawyers—now disagree with the Court of Appeals, and hold the same evidence admissible under two of the twenty-nine or more exceptions to the hearsay rule enumerated in K.S.A. 60-460.

This court should continue its century-old policy and relax the rules of evidence at preliminary examinations.

McFARLAND, J., joins the foregoing concurring opinion.